## George Thomson, Adm'r, v. Joseph N. Barker, Adm'r.

1.  APPEALS—*Do Not Lie from Provisional Deficiency Decrees in Foreclosure.*—An appeal will not lie from a deficiency decree rendered conditionally at the time of decreeing foreclosure.

Bill to Foreclose a Trust Deed.—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed July 17, 1903.

FRED H. ATWOOD, FRANK B. PEASE and CHARLES O. LOUCKS, attorneys for appellant.

WILLIAM R. PLUM, attorney for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

Appellee's predecessor in the administration of the estate of James Reid, deceased, filed his bill in the Superior Court against George Thomson as administrator of the estate of Duncan M. Thomson, deceased, and as administrator *de bonis non* of the estate of Isabella H. Thomson, deceased, and others, to foreclose a trust deed dated June 1, 1892, executed by Duncan M. and Isabella H. Thomson to secure certain promissory notes signed by the grantors in said trust deed. The decree to reverse which this appeal is prosecuted finds that there is due to appellee upon the notes secured by the trust deed in question $7,145; provides for the sale of the premises conveyed by said trust deed and orders the master to report the amount of any deficiency on such sale, and that " when such amount of deficiency is ascertained the same should be allowed against each of said estates of Duncan M. and Isabella H. Thomson, payable in due course of administration as of class 7."

Appellants do not complain of the decree of foreclosure, but contend that the court below should, in the decree, have found that Isabella H. Thomson was not personally liable on the notes secured by said trust deed and that complainant below was not entitled to a deficiency decree, either against her estate or that of Duncan M. Thomson, and asks that such finding be made by this court and the cause remanded to the Superior Court with directions to enter a simple decree of foreclosure and sale.

With one exception hereafter to be noticed, the controversy between the parties relates solely to the question whether complainant is entitled to a deficiency decree against each estate. To this question counsel for both sides have almost exclusively directed their argument, and it is perhaps a subject for regret that we are prevented from considering them by the rulings of the Supreme Court in

Eggleston v. Morrison, 185 Ill. 577; Cotes v. Bennett, 183 Ill. 82, and Reid v. McMillan, 189 Ill. 413. In the first of these cases the Supreme Court say (pp. 578 and 579):

"It is urged against this feature of the decree that said defendants did not become personally liable, and that the decree is premature. The finding or conclusion of the court upon this subject in the decree is not premature, but the appeal from such finding is premature because the decree is not final in that respect but provisional merely. Section 16 of chapter 95 of the Revised Statutes provides that in foreclosure suits a decree may be rendered for any balance of money that may be found due to the complainant over and above the proceeds of the sale, and execution may issue for the collection of such balance. The decree may be rendered conditionally at the time of decreeing the foreclosure, or it may be rendered after the sale and the ascertainment of the balance due. Originally a mortgagee was relegated to his action at law to obtain a judgment for any deficiency that might be due him after the sale of the mortgaged premises, but this statute makes provision by which he may, in the same proceeding, obtain a decree *in personam* if there should be a deficiency. While the statute authorizes the decree to be entered conditionally at the time of decreeing the foreclosure, its only effect is that of a finding that the complainant is entitled to a personal decree for any balance that may be due after the application of the proceeds of the sale. An appeal will not lie from a finding or conclusion, either of law or fact, not accompanied by any final judgment or decree, and there can be no personal decree until there is a judicial determination of the amount due. That amount can only be ascertained after the sale, and such a decree as this is not final in that respect. (Cotes v. Bennett, 183 Ill. 82.) This decree lacks all the forms of a personal decree for the payment of money, and no action could be brought upon it. Whether anything, or how much, will ever be due from the defendants is unknown. It has never been judicially determined that there is, or will be, any balance of money due over and above the proceeds of the sale. Unless a decree should be rendered against the defendants in the future, they will be entirely unaffected by the interlocutory finding or conclusion of the court that they will be liable for a deficiency in case it shall exist. The observations of the Appellate Court and their opinion on the subject of liability for a possible deficiency that may or may not exist, relate to an

interlocutory finding and not a final decree.    The question whether a personal decree will be valid in case there should be a deficiency and such a decree should be entered is a mere theoretical one.    If a personal decree should ever be entered, it may not be for such an amount as would authorize the review of it in this court."

In declining to rule at this time upon the right to a deficiency decree, we do not lose sight of the fact that the same question was raised by exceptions to certain paragraphs of the answer, which exceptions were sustained.    This ruling, however, is not final; and if upon a deficiency at the foreclosure sale the complainant thinks proper to apply for a deficiency decree, the court will be free to do what the facts and the law require.

In the final decree the court fixed upon the sum of $225 as a proper fee for the master's report.    Later on, out of rents in his hands collected *pendente lite* from the mortgaged premises, the receiver was ordered to pay this sum to the master.    In this we see nothing wrong.    Besides, no error is assigned upon the action of the court in allowing the fee, and the appeal is from the decree, not from the order directing the receiver to pay the master.

The decree of the Superior Court will be affirmed.