FRANK H. COTES

*v.*

GEORGE W. BENNETT *et al.*

*Opinion filed December 18, 1899.*

1. JUDGMENTS AND DECREES—*power of a court of equity to render a money decree on foreclosure is statutory.* It is only by virtue of the statute that a money decree can be rendered by a court of equity in a foreclosure proceeding.

2. SAME—*conditional deficiency decree in advance of sale is not a money decree.* The conditional deficiency decree authorized by section 16 of the Mortgage act to be entered in advance of a foreclosure sale simply establishes the complainant's right to a money decree after the amount of the deficiency is determined, prior to which time it is not a money decree.

3. DEBTOR AND CREDITOR—*what necessary to right of creditor to set aside conveyance by debtor.* A judgment at law or a personal money decree in favor of the creditor is essential to his right to maintain a bill to set aside the debtor's conveyance as in fraud of his rights, except where the creditor's demand is equitable in its nature and enforceable primarily in equity.

4. ACTIONS AND DEFENSES—*demand on contract assuming to pay a mortgage debt is a legal one.* The remedy of a mortgagee against the mortgagor's grantee on an express contract assuming and agreeing to pay the mortgage debt is by an appropriate action at law.

*Cotes* v. *Bennett,* 84 Ill. App. 33, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.

This was a bill in chancery filed by appellant for a decree declaring a certain deed and a certain mortgage executed by appellee George W. Bennett to appellee Fred Bennett to be fraudulent and void as against the rights of the complainant, whom the bill alleged to be a judgment or decree creditor of the said George W. Bennett. The answers filed by the appellees denied the charges of fraud, and also denied that the complainant was a decree or judgment creditor of said George W. Bennett.

It appeared from the proofs complainant relied upon a decree in chancery rendered in a foreclosure proceeding in which he was complainant and appellee George W. Bennett and others were defendants, to establish that he was a judgment or decree creditor, as alleged in the bill.    The transcript of. the proceedings in the said foreclosure case disclosed a decree awarding foreclosure and sale of the mortgaged premises, and that a provision was incorporated in the decree declaring that said George W. Bennett and others were each personally liable for the payment of the debt secured by the mortgage, and that if the proceeds of the sale of the mortgaged premises should not prove sufficient to pay the amount found due the complainant, "that said master specify the amount of such deficiency in his report of sale, and that on the coming in and confirmation of said report the defendants Henry Greenhood and George W. Bennett, who are each personally liable for the payment of the debt secured by said mortgage, pay to the complainant the amount of such deficiency, with interest thereon from the date of such last mentioned report, and that the complainant have execution therefor against the said Henry Greenhood and George W. Bennett."    It seems to be conceded by the parties that the master, in pursuance of the decree, offered the premises for sale but received no bids therefor; but as to this the transcript is silent.    It does not appear from the transcript of the proceedings in the foreclosure case, or otherwise in the record, that any report

was made by the master of this attempted sale, or that any order or decree was entered other than the decree of foreclosure and sale before referred to. This is an appeal from the judgment of the Appellate Court for the Second District affirming a decree entered in the circuit court dismissing the bill.

ARTHUR KEITHLEY, for appellant:

A judgment is not always a pre-requisite to a bill to remove a fraudulent conveyance. *Houston* v. *Maddux*, 73 Ill. App. 208; *Steere* v. *Hoagland*, 39 Ill. 264; *Blair* v. *Steel Co.* 159 id. 350.

When a fund cannot be reached at law and is only accessible in a court of chancery, and the debtor is dead and his estate insolvent, creditors may resort to equity in the first instance. *Houston* v. *Maddux*, 73 Ill. App. 203.

A judgment is required as a foundation for a bill to remove a fraudulent conveyance, for otherwise a party is denied the right of trial by jury in establishing liability. *Ladd* v. *Judson,* 174 Ill. 344; *Scott* v. *Neely*, 140 U. S. 106.

A money decree in equity, as well as a judgment at law, is a basis for a creditor's bill. *Weightman* v. *Hatch*, 17 Ill. 285; *Farnsworth* v. *Strasler*, 12 id. 485.

A fraudulent conveyance may be set aside in an ordinary divorce case where it is in the way of the enforcement of a provision for alimony to be made in same case. *Twell* v. *Twell*, 6 Mont. 19; *Draper* v. *Draper*, 68 Ill. 18.

A decree in a foreclosure case settling the rights of the parties and finding the amount of the debt and directing a sale of the premises is a final judgment, although it provides for something to be done in the future. *Myers* v. *Manny,* 63 Ill. 211; *McPherson* v. *Morange*, 38 N. Y. 173; *Kirby* v. *Runnells*, 140 Ill. 295.

The remedy by a mortgagee against a grantee in a deed, in which he assumes the payment of a mortgage upon the premises, is in equity. *Bay* v. *Williams*, 112 Ill. 91; Jones on Mortgages, secs. 761, 762.

WINSLOW EVANS, for appellees:

The decree offered in evidence was not one amounting to a judgment and lien against the defendant upon which complainant was entitled to have execution issued and levied upon the property, and therefore insufficient to maintain the bill. *Newman* v. *Willetts,* 52 Ill. 98; *Weis* v. *Tiernan,* 91 id. 27.

The decree was not sufficient, as a judgment, to sustain the bill, because it was not for a specific sum, and could not be until report of sale and order of court thereon. 1 Black on Judgments, sec. 3, 118; 2 Jones on Mortgages, sec. 1709*a*; *Fitzsimmons* v. *Munch,* 74 Ill. App. 259.

The decree was not sufficient, as a judgment, to sustain the bill, as the alleged cause of action on the assumption in the deed was one that could and should be determined in a suit at law. *Webster* v. *Fleming,* 178 Ill. 140.

In a case where a remedy exists to recover a judgment at law it is absolutely necessary that such judgment be first obtained at law before either a creditor's bill or bill to remove fraudulent conveyances out of the way of an execution can be maintained. *Ladd* v. *Judson,* 174 Ill. 344.

Mr. JUSTICE BOGGS delivered the opinion of the court:

It is only in virtue of power conferred by the statute a money decree can be rendered by a court of chancery in a foreclosure proceeding against the mortgagor or other person liable for the mortgage debt. (8 Am. & Eng. Ency. of Law, 264.) Section 16 of chapter 95 of the Revised Statutes, entitled "Mortgages," authorizes courts in this State to render such decrees "for any balance of money that may be found due to the complainant over and above the proceeds of the sale or sales" of the mortgaged premises, and provides that such a decree may be conditionally rendered at the time the decree of foreclosure and sale is entered, or that it may be entered after the sale and ascertainment of the balance due. It is to be noted this statute authorizes such decrees to be

rendered only "for any balance of money that may be
found due to the complainant over and above the pro-
ceeds of the sale or sales" of the mortgaged premises.
A judgment or money decree must be for a specified sum
of money. (1 Black on Judgments, secs. 1, 3, 118.) The
finding of the amount of any such "balance" involves the
exercise of the judicial function. The decree authorized
by the statute to be entered in advance of a judicial
determination of the amount of such "balance" cannot,
therefore, have effect as a judgment or personal money
decree, but only to establish that the complainant is en-
titled to a personal money decree against the parties so
to be charged, for such amount or balance of money as
may thereafter be judicially ascertained or found "to be
due," over and above the proceeds of the sale or sales of
the mortgaged premises. Speaking of such conditional
decrees it is said in Black on Judgments (sec. 42): "Thus,
a judgment of foreclosure directing the sale of the mort-
gaged premises and the payment by the defendant of any
deficiency which may arise on such sale is not such a
final judgment as that an action will lie upon it, because,
on such a judgment, further proceedings, such as the con-
firmation of the referee's report, etc., must be had before
a personal judgment can be entered. So a judgment dis-
solving a partnership, ascertaining the sum of money due
by the co-partners to the plaintiff, ordering a sale of the
co-partnership property and effects, and decreeing pay-
ment therefrom of the amount due plaintiff, but provid-
ing that in case the amount realized from such sale is not
sufficient to pay the judgment that the plaintiff shall be
entitled to a personal judgment against the individual
members of the firm for the deficiency, is not a final judg-
ment, but merely an interlocutory decree."

In Jones on Mortgages, (sec. 1709,) speaking of defi-
ciency decrees, that author says: "The judgment con-
templated is one for the balance of the debt remaining
after applying towards it the proceeds of the sale. The

first step is to ascertain what the amount of the balance is. Therefore a judgment for a deficiency can be had only when the sale is completed; and it can only be known what the deficiency is upon the coming in of the report of the sale and the confirmation of this. The usual practice is for the referee (master) to state the amount of the deficiency in his report of the sale, and to report who of the defendants are liable to pay the same to the plaintiff. This is provided for in the original judgment. There can generally be no contingent judgment for such deficiency entered beforehand." And again, in section 1730: "The decree for a deficiency of proceeds does not have the force and effect of a judgment at law, so as to become a lien, until this deficiency is ascertained. This deficiency can only be ascertained from the sale."·

The decree in question does not purport to be a final decree for any definite or specified sum. It does not appear from the terms thereof that it has ever been determined, judicially or otherwise, that there is any balance of money due the complainant. It is lacking in the essentials of a judgment or personal money decree in chancery, and is not such a judgment or decree. A judgment at law or a personal money decree existing in favor of the complainant, is a necessary pre-requisite to the maintenance of suits in equity of this character in all cases except where the demand of the complainant is equitable in its nature, and for that reason enforceable primarily in a court of chancery. (*Ladd* v. *Judson*, 174 Ill. 344.) The insistence of the appellant was and is that a mortgage was executed to him on certain real estate to secure an indebtedness due to him from the mortgagor, and that the said George W. Bennett purchased the mortgaged premises and expressly contracted with the grantor and mortgagor to assume and pay the mortgage debt to appellant, and the position of appellant seems to be that his remedy upon the said contract of assumption of the said George W. Bennett is equitable in its nature and enforceable in-

dependently in a court of chancery, and for that reason it is not required he should have reduced the claim to a judgment in order to sustain his bill. The error of this position is, that conceding the insistence of appellant as to the nature and existence of his claim to be true, his right to recover upon the alleged contract made by said George W. Bennett with the mortgagor to pay the debt due to the appellant is by an appropriate action at law. *Webster* v. *Fleming,* 178 Ill. 140.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*