CHARLES B. EGGLESTON *et al.*

*v.*

HARRIET B. MORRISON *et al.*

*Opinion filed April 17, 1900—Rehearing denied June 20, 1900.*

APPEALS AND ERRORS—*conditional deficiency decree is not a final, appealable order.* The effect of a conditional deficiency decree entered in advance of a foreclosure sale is merely to establish that complainant will be entitled to a personal, money decree when the amount of the deficiency is ascertained, and hence such a decree is not a final one, from which an appeal may be taken.

*Eggleston v. Morrison*, 84 Ill. App. 625, affirmed.

185   577
s84a 625

185   577
a189 ¹413

185   577
e106a 216
108a  439

185   577
e208  230

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

N. M. JONES, for appellants.

STILLMAN & MARTYN, and EDGAR L. MASTERS, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellants appealed from a decree of the superior court of Cook county for the foreclosure of a mortgage and directing the sale of the mortgaged premises, and the Branch Appellate Court for the First District affirmed the decree.

It is here complained that the decree is a joint one, for the gross sum of $4161.88, in favor of six different persons, as complainants, holding separate notes for different amounts, and including a joint solicitor's fee of $175.. The decree finds the separate amount due each complainant on his note and orders payment to the complainants of the said sums due them, respectively, and so far as the debts are concerned counsel is in error in

his construction of the decree. There was a solicitor's fee allowed to the complainants jointly, but whether that was right or wrong is immaterial, because it did no harm to the defendants.

The foregoing are presented as minor propositions, and the principal complaint is that the court in the decree found that Eggleston, Mallette & Brownell were personally liable for the indebtedness, and ordered that in case of sale of said premises after the coming in and confirmation of the master's report of sale, in case any deficiency should be shown in the amount due complainants, they should be respectively entitled to execution therefor against said defendants and one Dawson, who was also found personally liable. Said defendants are grantees of the mortgaged premises subsequent to the execution of the mortgage, and the bill alleges that they assumed and agreed to pay the mortgage indebtedness.

It is urged against this feature of the decree that said defendants did not become personally liable, and that the decree is premature. The finding or conclusion of the court upon that subject in the decree is not premature, but the appeal from such finding is premature because the decree is not final in that respect but provisional merely. Section 16 of chapter 95 of the Revised Statutes provides that in foreclosure suits a decree may be rendered for any balance of money that may be found due to the complainant over and above the proceeds of the sale, and execution may issue for the collection of such balance. The decree may be rendered conditionally at the time of decreeing the foreclosure, or it may be rendered after the sale and the ascertainment of the balance due. Originally a mortgagee was relegated to his action at law to obtain a judgment for any deficiency that might be due him after the sale of the mortgaged premises, but this statute makes provision by which he may, in the same proceeding, obtain a decree *in rem* for a sale of the property and a decree *in personam* if there should be a

deficiency. While the statute authorizes the decree to be entered conditionally at the time of decreeing the foreclosure, its only effect is that of a finding that the complainant is entitled to a personal decree for any balance that may be due after the application of the proceeds of the sale. An appeal will not lie from a finding or conclusion, either of law or fact, not accompanied by any final judgment or decree, and there can be no personal decree until there is a judicial determination of the amount due. That amount can only be ascertained after the sale, and such a decree as this is not final in that respect. (*Cotes* v. *Bennett*, 183 Ill. 82.) This decree lacks all the forms of a personal decree for the payment of money, and no action could be brought upon it. Whether anything, or how much, will ever be due from the defendants is unknown. It has never been judicially determined that there is, or will be, any balance of money due over and above the proceeds of the sale. Unless a decree should be rendered against the defendants in the future, they will be entirely unaffected by the interlocutory finding or conclusion of the court that they will be liable for a deficiency in case it shall exist. The observations of the Appellate Court and their opinion on the subject of liability for a possible deficiency that may or may not exist, relate to an interlocutory finding and not a final decree. The question whether a personal decree will be valid in case there should be a deficiency and such a decree should be entered is a mere theoretical one. If a personal decree should ever be entered, it may not be for such an amount as would authorize the review of it in this court.

So far as the decree was final between the parties we find no error in it, and the judgment of the Appellate Court affirming it in those respects is affirmed.

*Judgment affirmed.*