GEORGE THOMSON, Admr.

*v.*

WILLIAM P. BLACK, Admr.

*Opinion filed February 17, 1904—Rehearing denied April 7, 1904.*

APPEALS AND ERRORS—*when an alleged error cannot be considered.*
Alleged error in a foreclosure decree.in allowing the deficiency, if
any, after sale, as a seventh-class claim against the estates of the
makers of the note and trust deed, cannot be considered on appeal,
where no sale had been had when the appeal was taken, the exist-
ence of a deficiency, and its amount, being then undetermined.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Superior
Court of Cook county; the Hon. JESSE HOLDOM, Judge,
presiding.

FRED H. ATWOOD, FRANK B. PEASE, WILLIAM S.
CORBIN, and CHARLES O. LOUCKS, for appellant.

WILLIAM R. PLUM, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the
court:

This is an appeal from a judgment of the Appellate
Court for the First District affirming a decree of the
superior court of Cook county for the foreclosure of a
trust deed given upon certain real estate situated in said
county, to secure the payment of twelve promissory notes
for the sum of $500 each, and interest. The decree found
there was due the sum of $7150 upon the notes secured
by the trust deed and ordered the sale of the premises
described in said trust deed to satisfy said decree, and
that the master, after sale, report the deficiency, if any,
to the court, and provided that when the deficiency was
ascertained the same should be allowed as a seventh-
class claim against the estates of the makers of the notes

and trust deed which were in process of settlement in the probate court of Cook county.

The appellant has suggested no reason for reversing the decree of foreclosure and sale, but the principal question argued in his brief is the invalidity of that part of the decree which provides for the allowance of the deficiency after sale, if any, as a seventh-class claim against the estates of the makers of the notes and trust deed. That question, however, is not before us for determination, as it is clear the appeal as to that part of the decree is premature. It cannot be determined what the deficiency will be until after a sale, and no sale had been made at the time of the appeal. There may be no deficiency after sale, and, if any, it may be less than $1000, in which case an appeal will not lie to this court from the judgment of the Appellate Court without a certificate of importance. In *Eggleston* v. *Morrison*, 185 Ill. 577, which was a bill to foreclose a mortgage, where it was sought, before sale, to review the action of the trial court in entering a conditional deficiency decree, on page 579 it was said: "An appeal will not lie from a finding or conclusion, either of law or fact, not accompanied by any final judgment or decree, and there can be no personal decree until there is a judicial determination of the amount due. That amount can only be ascertained after the sale, and such a decree as this is not final in that respect."

It is also contended that there was error committed by the trial court in refusing to apportion the costs, and in support of such contention it is said the costs were mainly incurred in establishing the liability of the makers of the notes and trust deed for the deficiency should the premises not sell for enough to satisfy the debt, and that the costs thus incurred should have been adjudged against the appellee. The appellee recovered on that issue upon the hearing, and in the state of this record the question of the liability of the makers of the notes

and trust deed not being before us for review, we are unable to say there was error committed in the refusal to apportion costs.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*