THE CITY OF ALTON, Plaintiff in Error, *vs.* CHARLES HEIDRICK *et al.* Defendants in Error.

*Opinion filed December 21, 1910.*

1. APPEALS AND ERRORS—*record must show placita or convening order.* It is indispensable that the record of a special assessment proceeding governed by section 9 of the Cities and Villages act of 1872 shall contain a *placita* or convening order showing that the term of court at which the hearing was had was regularly convened and organized, and the absence of such *placita* or convening order from the record precludes a consideration of the merits of the case on appeal.

2. SAME—*record must contain essentials of a judgment even though no particular form is required.* Even though no particular form in proceedings of a court are necessary in order to constitute a judgment, still it is necessary that the record shall contain all the essential elements of a judgment showing that the court finally disposed of the cause.

3. SAME—*what does not constitute a final judgment.* An entry in the record in the words, "December 7th, 1908.—The court

now being fully advised in the premises sustains said motion to dismiss; appeal prayed to Suprème Court; bill of exceptions; thirty days; no bond;" does not show any final judgment and will not support an appeal.

WRIT OF ERROR to the County Court of Madison county; the Hon. JOHN E. HILLSKOTTER, Judge, presiding.

JOHN F. McGINNIS, Corporation Counsel, and LEVI DAVIS, for plaintiff in error.

JAMES B. LYNN, and ALEX. W. HOPE, for defendants in error.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

This writ of error is sued out by the city of Alton for the purpose of bringing into review a special assessment proceeding instituted for the purpose of paying for an underground pipe sewer in Second street, connecting with street sewers in Piasa street at the west end and Ridge street at the east. On the 15th of February, 1892, plaintiff in error passed an ordinance for the construction of a sewer in Second street between the points named, and in pursuance of said ordinance a special assessment was levied upon the property fronting on Second street between the points named. Objections to the confirmation of the assessment were sustained by the county court of Madison county in October, 1892, and the petition was dismissed as to the property of the objectors. The city of Alton brought the record of that proceeding to this court by appeal, and the judgment of the county court was affirmed October 16, 1895. (*City of Alton* v. *Middleton's Heirs,* 158 Ill. 442.) No further steps were taken by the city of Alton until November 15, 1905, when the ordinance which is the foundation of the present proceeding was passed. It appears from the recitals in the present proceeding that

an underground sewer was constructed under the first ordinance at a cost of $2890.65, of which $1645 has been paid, leaving a balance of $1245.65 still due and unpaid. The purpose for which the present proceeding was instituted was to raise money by special assessment to pay the balance remaining due, with the necessary costs and expenses attending the levying and collecting of such assessment.

Under section 99 of the Local Improvement act of 1897, continuing the old law in force for the purpose of "all proceedings for new assessments made in lieu of others annulled before the act concerning local improvements of June 14, 1897, took effect, by order of some court," the present proceeding is controlled by article 9 of the Cities and Villages act of 1872. Upon the hearing of the application for confirmation the record before us shows that numerous property owners filed objections. There is no bill of exceptions in the record, nor is there anything in the record, by recital or otherwise, showing that any evidence was, in fact, heard by the court, but aside from this the record before us is so informal in another respect that the merits of this controversy cannot be considered. The record recites that the petition for the confirmation of this assessment was presented in vacation to the Hon. J. E. Hillskotter, county judge, on the 20th day of September, 1907. After reciting at large the petition and the ordinance, with proof of its passage, the record recites that "the court appoints as commissioners to make said assessment, August Neerman, David Ryan and John D. McAdams, and set for hearing May 29, 1908, at 9:30 A. M." On the same day the record recites the following: "Motion to dismiss filed; arguments heard and taken under advisement." Following the assessment roll is a copy of the objections of defendants in error, which purport to have been addressed to the May term, 1908, of the county court of Madison county. The record then contains copies of notices to property owners, with an affidavit attached of

service of the same. The final order or judgment, if it may be called such, is in the following words: "December 7th, 1908.—The court now being fully advised in the premises sustains said motion to dismiss; appeal prayed to Supreme Court; bill of exceptions; thirty days; no bond,"—to which is appended a certificate of Edward Feutz, clerk of the county court of Madison county, that the above and foregoing constitutes a full, true and perfect transcript of the record in the above entitled cause.

Section 32 of article 9 of the law of 1872 provides that the hearing of all cases under said act may be had at either a law or a probate term of the county court, and that such cases shall have precedence over all other cases in such court, except criminal cases. Whether the hearing be had at a law term or a probate term of the county court, it is indispensable that the record should show that the term of court at which the hearing is had was regularly convened and organized. There is no *placita* in the record for either the May or December term, 1908. Without a *placita* showing the regular organization of the December term, 1908, of the county court of Madison county, if such term was held, it is impossible for this court to know whether the entry of December 7, 1908, was entered by the same judge who heard the argument and took the motion to dismiss under advisement in May, or some other judge. In fact, there is nothing to show that either the hearing on May 29, 1908, on the motion to dismiss, or the order sustaining the same in December, 1908, was before any judge or court, since there is an entire absence of the *placita* showing that a term of court was in session at either of those dates. It cannot be inferred that because the statute provides for a probate term of court in each county in the State, commencing on the first Monday of each month, and that in Madison county law terms are provided to commence on the second Monday of February and August, terms of court were, in fact, held at such times. It is surprising

that notwithstanding this court as far back as the September term, 1870, reversed fifty-three cases for want of a *placita* or convening order, (*Planing Mill Lumber Co.* v. *City of Chicago,* 56 Ill. 304,) and has from time to time since that date occasionally pointed out the necessity of such convening order, records should be presented thus so obviously defective that the merits of the controversy can not be considered and disposed of.

The entry which we have quoted above is not a judgment at all. It is apparently a mere memorandum of the judge, probably entered in his docket as a memorandum from which a formal judgment might be written up. While it is true, as this court held in *Wells* v. *Hogan,* Breese, 337, that no particular form is required in proceedings of a court in order to constitute them a judgment, still it is necessary that there should be an entry containing the essential elements of a judgment which shows that the court finally disposed of the cause. In *Martin* v. *Barnhardt,* 39 Ill. 9, the entry was: "Judgment on verdict for $3000 and costs." In *Faulk* v. *Kellums,* 54 Ill. 188, the entry was: "Whereupon the court enters judgment upon the verdict; and now come the said defendants, by their attorneys, and pray an appeal, which is granted." And in *Metzger* v. *Wooldridge,* 183 Ill. 174, the entry was: "And the court having heard the motion, court overruled same, and judgment on the verdict for $1521.09; and now comes the defendant and prays an appeal; an appeal allowed on his giving bond in the sum of $3000 in 20 days, to be approved by the clerk by agreement, and bill of exceptions to be filed in 120 days."

There being no final judgment there was nothing to appeal from. The appeal will therefore be dismissed.

*Appeal dismissed.*