## Louis Heilbrunn et al., Appellants, v. J. J. Ellsworth et al., Appellees.

### (Not to be reported in full.)

Appeal from the City Court of Mattoon; the Hon. John McNutt, Judge, presiding. Heard in this court at the October term, 1912. Dismissed. Opinion filed October 16, 1913.

### Statement of the Case.

Action by J. J. Ellsworth and Harry McNair, partners, doing business under the firm name of Ellsworth and McNair, against William Fink in attachment. Louis Heilbrunn and David Kahn, partners, doing business under the firm name of Heilbrunn and Kahn, claiming the property levied upon, filed interpleading petitions to which the attachment plaintiffs filed pleas. The intervening petitioners demurred to the pleas and the demurrer was overruled. The intervening petitioners electing to stand by their demurrer, judgment was rendered against them for costs, from which judgment they appeal.

Vause & Hughes, for appellants.

Henley & Douglas and Spencer Ward, for appellees.

Mr. Presiding Justice Philbrick delivered the opinion of the court.

### Abstract of the Decision.

1. Appeal and error, § 299*—*when judgment for costs against interpleaders in attachment not a final judgment.* Judgment entered on demurrer against interpleaders for costs in an attachment proceeding, there being no judgment finding that the property was the property of attachment defendant or that the interpleaders were not owners of or entitled to the property, *held* not a final judgment, from which an appeal may be taken, and appeal was dismissed with permission to either party to withdraw the record and make application to the trial court for a final judgment.

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

2. APPEAL AND ERROR, § 267*—*jurisdiction on appeal from interlocutory judgments.* On appeal from an interlocutory judgment, such as a judgment for costs alone, the reviewing court obtains no jurisdiction by reason of the appeal, and the question that no final judgment was rendered is jurisdictional with the court, though the parties submitted the cause as though a final judgment had been rendered.