## Martin Lavin, Administrator, Appellee, v. Wells Brothers Company, Appellant.

### Gen. No. 20,799.

1. APPEAL AND ERROR, § 38*—*what is extent of Appellate jurisdiction of Appellate Court.* Under section 8 of the Appellate Court Act

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(J. & A. ¶ 2968) and section 91 of the Practice Act (J. & A. ¶ 8628) the jurisdiction of the Appellate Court in matters of appeal is confined to appeals from final judgments, orders or decrees entered "in any suit or proceeding at law or in chancery."

2.  COURTS, § 101*—*how jurisdiction of Superior Court is conferred.* The authority of the Superior Court to hear and determine questions under the Workmen's Compensation Act of 1911 (J. & A. ¶ 5459) was conferred by section 10 of such Act.

3.  WORKMEN'S COMPENSATION ACT, § 12*—*what is nature of proceeding in Superior Court.* A proceeding in the Superior Court as to the application of the Workmen's Compensation Act, under section 10 of the Act of 1911 (J. & A. ¶ 5459), is *sui generis*—a creature of the statute—a summary proceeding in which facts and questions are "investigated" in any manner that may seem to be "reasonably necessary."

4.  WORKMEN'S COMPENSATION ACT, § 12*—*what is nature of suit for compensation.* A proceeding in the Superior Court under section 10 of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5459) is not a suit conducted in accordance with either the forms and modes of procedure of either a suit at law or in chancery, does not involve any personal or property right that can be enforced at law or in equity and is not brought for the recovery of damages occasioned by the infringement of a right.

5.  APPEAL AND ERROR, § 316a*—*when Appellate Court is without jurisdiction to entertain appeal.* The Appellate Court is without jurisdiction to entertain an appeal from the Superior Court where a decision is entered under section 10 of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5459) allowing a certain sum to be paid for injuries.

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Appeal dismissed. Opinion filed October 6, 1915.

F. J. CANTY, for appellant; ZIMMERMAN, MYERS & GARRETT, of counsel.

GORMAN, POLLACK, SULLIVAN & LIVINGSTON, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

This is an appeal from an order of the Superior Court of Cook county, awarding to appellee, as admin-

---

*See *Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,* same topic and section number.

110     APPELLATE COURTS OF ILLINOIS.

Lavin v. Wells Bros. Co., 195 Ill. App. 108.

istrator of the estate of Thomas Lavin, deceased, the sum of $3,500, to be paid in weekly instalments of $8.61 each, as the amount of compensation payable under the Workmen's Compensation Act of 1911 (J. & A. ¶ 5449 *et seq.*), for injuries (resulting in death) sustained by said Thomas Lavin while in the employ of appellant. Appellant seeks to have the order or judgment reversed upon the alleged grounds that there is no evidence to show that the injury which caused the death of the deceased employee arose "out of and in the course of" his employment, that the evidence does not show that the deceased left him surviving lineal or collateral heirs "to whose support he had contributed within five years previous to the time of his death," that nonresident alien heirs are not entitled to the benefits of the Workmen's Compensation Act of 1911, that there were sundry errors in the admission of evidence, and that the court erred in refusing to hold certain propositions of law offered by appellant.

It will be noticed that all these contentions proceed upon the theory that the proceeding in the Superior Court was an action or proceeding at law. A motion was heretofore made by appellee, which was reserved to the hearing, to dismiss the appeal upon the ground that the proceeding in the Superior Court was neither an action at law nor a suit in equity, but was purely a statutory proceeding, and that the statute does not provide for an appeal in such cases.

We do not find any provision in the Compensation Act of 1911 authorizing such an appeal. Hence, if this court has any jurisdiction of this appeal, it derives its jurisdiction either from the Appellate Court Act, or from the General Practice Act. Section 8 of the Appellate Court Act (J. & A. ¶ 2968) provides that this court shall "have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the superior court of Cook county, or county courts, or

from the city courts *in any suit or proceeding at law, or in chancery* other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute." Section 91 of the Practice Act (J. & A. ¶ 8628) provides that: "Appeals shall lie to and writs of error from the appellate or supreme courts, *as may be allowed by law,* to review the final judgments, orders or decrees of any of the circuit courts, the superior court of Cook county, the county courts or the city courts and other courts from which appeals and to which writs of error may be allowed by law, *in any suit or proceeding at law or in chancery.*"

In both of these sections, the jurisdiction of this court in matters of appeal is confined to appeals from final judgments, orders or decrees entered "in any suit or proceeding at law or in chancery." The question is therefore presented whether the proceeding in the Superior Court can be considered as "a suit or proceeding at law or in chancery," within the meaning of those words as used in the statutes above mentioned.

In *Grier v. Cable,* 159 Ill. 29, it was said: "A suit or proceeding at law, as those terms are used in section 8 of the Appellate Court Act, must be understood to mean a suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the common law." This sentence was quoted with approval in *Myers v. Newcomb Drainage Dist.,* 245 Ill. 140, where it was also said: "And on like principle a suit or proceeding in chancery must be understood to mean a suit or proceeding instituted and carried on in substantial conformity with the forms and modes prescribed by the rules of chancery." In *Grier v. Cable, supra,* it was held that section 8 of the Appellate Court Act does not give the Appellate Court jurisdiction of an appeal from a County Court in the matter of a contested claim against the estate

of a deceased person, because such a proceeding is neither a suit nor proceeding at law or in chancery, but is purely a statutory proceeding; and in *Myers v. Newcomb Drainage Dist., supra,* the same reasoning was applied to a proceeding in the County Court for the organization of a drainage district. In the latter case, the court also held that section 91 of the Practice Act confers no right of appeal from or writ of error to the Appellate Court "in any case which is instituted and carried on in conformity with forms and modes not according to or recognized by the common law or rules of chancery but solely in accordance with statutory provisions."

The authority of the Superior Court to hear and determine such questions as were raised in this proceeding, and to make the order complained of, was conferred by section 10 of the Compensation Act of 1911 (J. & A. ¶ 5459). That section provides, in substance, that "Any question of law or fact arising in regard to the application of this law in determining the compensation payable hereunder shall be determined either by agreement of the parties or by arbitration as herein provided;" that if such questions cannot be settled by agreement, the employee and the employer shall each select "a disinterested party," and a third "disinterested party" shall be appointed by the judge of the County Court, "or other court of competent jurisdiction," of the county where the injured employee resided or worked at the time of his injury, and that the three persons so selected shall constitute a board of arbitrators "for the purpose of hearing and determining all such disputed questions of law or fact arising in regard to the application of this law in determining the compensation payable hereunder;" that it shall be the duty of both the employer and the employee to submit to such board of arbitrators all facts or evidence in their possession or under their control relating to such questions; that the board

of arbitrators shall hear the evidence submitted, and "shall have access to any books, papers or records of either the employer or the employe showing any facts which may be material to the questions before them;" and such board "shall be empowered to visit the place or plant where the accident occurred, to direct the injured employe to be examined by a regular practicing physician or surgeon, and to do all other acts reasonably necessary *for a proper investigation* of all matters in dispute;" and that a copy of the report of the arbitrators shall be filed in the State Bureau of Labor Statistics, "and shall be binding upon both the employer and the employe except for fraud and mistake: *Provided,* that either party to such arbitration shall have the right to appeal from such report or award of the arbitrators to the circuit court or the court that appointed the third arbitrator of the county where the injury occurred by filing a petition in such court within twenty days after the filing of the report of the arbitrators, and upon filing a good and sufficient bond, in the discretion of the court, and upon such appeal the questions in dispute shall be heard *de novo,* and either party may have a jury upon filing a written demand therefor with his petition."

What, then, is the nature of the proceeding in the Circuit, Superior or County Court, which comes before such court upon appeal from the decision of a board of arbitrators selected as provided by said section 10? By the terms of that section, the appeal is instituted "by filing a petition in such court" within twenty days after the report of the arbitrators is filed, and by filing a bond, if the court requires one to be filed. The statute does not provide for any other or further pleadings of any kind whatever. What such petition shall contain is not prescribed by the statute. Presumably, it should aver that an employee was injured in the course of his employment, that some question or questions of law or fact had arisen "in regard to the application"

114    APPELLATE COURTS OF ILLINOIS.

Lavin v. Wells Bros. Co., 195 Ill. App. 108.

of the Compensation Act of 1911 "in determining the compensation payable thereunder" to the injured employee, upon which question or questions the parties had been unable to agree and had therefore submitted them to a board of arbitrators, as provided by said section 10, and that the petitioner was not satisfied with the decision of the arbitrators. It would not be necessary to set forth in such petition the terms of the arbitrators' report, for the reason that section 10 provides that "upon such appeal the questions in dispute shall be heard *de novo*," and hence it is immaterial, upon such appeal, how or in what manner the board of arbitrators may have disposed of such questions. Upon the filing of such a petition, the appeal is ready to be heard before the court, or before a jury, if a written demand be made therefor. What order or judgment, if any, the court shall enter after the questions in dispute shall have been heard and determined, the act does not prescribe. Since, however, the ultimate object of the proceeding is to determine the amount of compensation, if any, payable under the provisions of the Compensation Act to the injured employee, it would seem that the proper order to be entered is one that finds and determines the amount of such compensation. In arriving at that result, and for the purpose of determining that amount, it is apparent from the provisions of section 10 that the court in which the proceeding is pending must have the same powers as the board of arbitrators, and, presumably, must perform the same duties, viz., to hear all the evidence submitted, including any books, papers or records of either party that show any fact which may be material to the questions in dispute, to "visit the place or plant where the accident occurred," to direct the injured employee to be examined by a physician, and "*to do all other acts reasonably necessary for a proper investigation* of the matters in dispute." Some of these functions are judicial; others are not.

Such a proceeding does not conform to any of the recognized forms and modes of procedure of either an action at law or a suit in equity.  It is *sui generis*— a creature of the statute—a summary proceeding in which facts and questions in dispute are "investigated" in any manner that may seem to be "reasonably necessary."

In *Brueggemann v. Young,* 208 Ill. 181, it was held that the constitutional provision which gives to Circuit Courts "original jurisdiction of all causes in law and equity, and such appellate jurisdiction as is or may be provided by law," includes the prosecution of every claim or demand in a court of justice which was known at the adoption of the constitution as "an action at law or a suit in chancery," and also all actions since provided for, in which personal or property rights are involved, which belong to the same class, or are of the same nature, as actions at law or in equity, such as cases "where the Legislature creates a new statutory remedy for the recovery of property or for damages occasioned by the infringement of a right."  But in the same case it was held that where the Legislature has conferred jurisdiction upon the Circuit Court to hear and determine matters which are neither actions at law nor suits in equity, as those terms are ordinarily understood, and do not involve personal or property rights such as are ordinarily enforced by an action at law or suit in equity, and are not for the recovery of damages occasioned by the infringement of a right, such a proceeding must be classified as a purely statutory proceeding.  The proceeding in question in this case comes within this classification.  It is not a suit conducted in accordance with the forms and modes of procedure of either a suit at law or in chancery; it does not involve any personal or property right that can be enforced by an action at law or in equity; and it was not brought "for the recovery of damages occasioned by the infringement of a right."  The compen-

sation payable under the Workmen's Compensation Act of 1911 cannot be considered as "damages occasioned by the infringement of any right." It is an amount arbitrarily fixed by the statute, to be paid by the employer to an employee who is injured in the course of his employment, whether such employee would have any right to recover damages from his employer for such injury or not. The statute does not compel either party to accept the provisions of the act. Such acceptance is a matter that is purely optional with them. But if they elect to come under its provisions, they waive their right to sue or defend as at common law and consent to adjust their disputes, if any should arise, as to the amount of compensation that should be paid, by resort to arbitration with but one appeal from the decision of the arbitrators. In the brief of appellant's counsel it is said: "The purpose of the Compensation Acts was to insure to the employee and dependents *the certainty of some income during disability;* and to the dependents, after the employee's death, *the certainty of some recoupment against the loss of support.* It also was the purpose *to protect the employer from expensive and vexatious law suits* and to give him a standard by which, from experience or actuarial figures, he could estimate the percentage of probable loss from injuries in the business and charge it up so as to make the industry bear the loss." (Italics ours.) Conceding that this is a fair statement of the purposes of the Compensation Act, it must be apparent to anyone that such purposes would be frustrated in many cases if the decision of the board of arbitrators upon the disputed questions could be reviewed, first, by a *nisi prius* court, then by this court, and finally by the Supreme Court. If this could be done, then the only practical result of such legislation in many cases would be to project both employer and employee into a new and untried field of litigation, fully as vexatious, as dilatory, and

as expensive as that which the act was designed to avoid. We cannot believe that such was the legislative intention.

For the reasons stated, we are of the opinion that this court is without jurisdiction to entertain this appeal, and the motion of appellee will therefore be sustained and the appeal dismissed at the costs of appellant.

*Appeal dismissed.*