### The People of the State of Illinois ex rel. William A. Pantier, Plaintiff in Error, v. Robert C. Pantier, Defendant in Error.

1. INSANE PERSONS—*review of proceedings to declare person incompetent.* Under Hurd's Rev. St. ch. 86, secs. 1, 2 (J. & A. ¶¶ 7285, 7286), providing that in proceedings to declare a person incompetent and appoint a conservator for his estate, upon the return of the finding of the jury, unless a new trial shall be granted, the court shall enter an order in accordance with such finding, there was nothing for the Appellate Court to review in the proceeding in question, in the absence of such an order.

2. APPEAL AND ERROR—*what orders not reviewable.* Under Hurd's Rev. St. ch. 110, sec. 91 (J. & A. ¶ 8628), providing that appeals and writs of error may be allowed to review final judgments, orders and decrees, a writ of error will not be allowed to reverse either a verdict or an order overruling a motion to set aside a verdict and grant a new trial; and in the absence of a final judgment, order or decree, there is nothing from which to prosecute a writ of error.

Error to the Circuit Court of Menard county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the April term, 1920. Dismissed. Opinion filed April 19, 1921.

H. W. MASTERS and FRANK E. BLAINE, for plaintiff in error.

HENRY E. POND, for defendant in error.

MR. JUSTICE WAGGONER delivered the opinion of the court.

William A. Pantier filed a petition in the county court of Menard county alleging that Robert C. Pantier, by reason of age and disease, was mentally incompetent and incapable of managing and caring for his estate and asked that a conservator be appointed for his estate. A jury impaneled to determine the issues, presented under the allegations of such petition, found that Robert C. Pantier was competent and that no conservator should be appointed for his estate. Immediately on the return of such verdict, William A. Pantier prayed and was allowed an appeal to the circuit court.

On a trial of the cause had in the circuit court of said county on October 31, 1919, a jury returned a similar verdict. A motion was entered to set aside such verdict and to grant a new trial and that motion was denied.

Without any further action of the court, other than to sign a bill of exceptions presented February 4, 1920 (the second day of the succeeding term), the petitioner sued out a writ of error for the purpose of reversing a judgment of the circuit court.

The proceedings in this cause were had under sections 1 and 2 of chapter 86, Hurd's Revised Statutes 1919 (J. & A. ¶¶ 7285, 7286). The last-named section provides that upon the return of the finding of the jury, unless the court shall grant a new trial, the court shall enter the proper order in accordance with the findings of the jury. No such order was made and there is nothing for this court to review.

Section 91, chapter 110, Hurd's Revised Statutes (J. & A. ¶ 8628), provides that "appeals shall lie to and writs of error from the Appellate or Supreme Court, as may be allowed by law, to review the final judgments, orders or decrees of any of the circuit courts * * * in any suit or proceeding in law or in chancery." A writ of error will not be allowed to reverse a verdict of a jury (*Clark v. Van Loon,*

108 Iowa 250), nor an order of court overruling a motion to set aside a verdict and to grant a new trial. There must be a final judgment, order or decree, as required by the statute, otherwise there is nothing from which to prosecute a writ of error. *City of Alton v. Heidrick*, 248 Ill. 76, 80.

The writ of error is dismissed.

*Dismissed.*