## W. E. Meyers, trading as W. E. Meyers & Company, Appellant, v. Amanda Ackerlund and Leander Ackerlund, Appellees.

### Gen. No. 27,010.

1. APPEAL AND ERROR—*when appeal dismissed.* Where, after the entry of a judgment by default, the judgment was opened and leave given to defend, and the case was then apparently assigned to a trial judge and an order entered stating that plaintiff appeared "and does not want to prosecute cause," and the case was then called, and on plaintiff failing to prosecute he was nonsuited and the suit dismissed with costs to defendant, and plaintiff prayed "that an appeal of this cause be granted to the Appellate Court," the appeal was dismissed.

2. APPEAL AND ERROR—*from what appeal lies.* There is no practice of appealing a "cause"; an appeal must be from a final judgment, order or decree.

3. APPEAL AND ERROR—*right of plaintiff to appeal from order of voluntary nonsuit.* A plaintiff cannot appeal from an order of voluntary nonsuit.

4. APPEAL AND ERROR—*how opening up of default judgment to be taken up for review.* The proper way for a plaintiff who appealed from an order of nonsuit, entered after the setting aside of a default judgment, to have taken up for review the action of the trial court in opening up such judgment and permitting defendant to appear long after the expiration of the term at which the judgment in question had been rendered was by writ of error which takes up the entire record for review.

Appeal from the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in this court at the October term, 1921. Appeal dismissed. Opinion filed April 3, 1922.

BERNSTEIN, ZOLLA & BERNSTEIN, for appellant; ALECK L. BERNSTEIN and CHARLES BERGER, of counsel.

No appearance for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

As appellant seems to have misconceived his method of approach to this court, this appeal must be dis-missed.

The record shows that plaintiff filed a statement of claim in the municipal court and defendant an affidavit of merits, both sides demanding a jury trial; that when the case was called for trial, the defendant not being present, damages were assessed at $625, and judgment against defendant was entered for this amount. This was on January 3, 1921. After the term at which judgment was entered, upon petition filed March 11, 1921, an order was entered that the judgment be opened and leave was given to defendant to appear and defend. Apparently the cause was assigned to a trial judge, and on March 31, 1921, an order was entered stating that the plaintiff appeared in court "and does not want to prosecute cause.". The case was then called for trial and plaintiff failed to prosecute the suit. It was ordered that he be non-suited and that the suit be dismissed and that defendant have judgment as in a case of nonsuit. Thereupon the plaintiff prayed "that an appeal of this cause be granted to the Appellate Court," which was granted on condition of filing of bond and bill of exceptions.

We know of no practice of appealing "a cause" to a reviewing court. An appeal must be from a final judgment, order or decree.

Nor do we know of any authority for an appeal by a plaintiff from an order of voluntary nonsuit. If a plaintiff is present and does not wish to proceed with the prosecution of a case, he must elect either to suffer a nonsuit or the case should go to the jury. *Delano v. Bennett*, 61 Ill. 83.

Plaintiff has questioned here the action of the court in opening up the judgment and permitting defendant to appear long after the term at which the judgment was rendered had expired. The proper way to have brought this to the attention of the reviewing court

was by writ of error, which brings up the entire record for review.

The appeal must be dismissed.

*Appeal dismissed.*

DEVER, P. J., and MATCHETT, J., concur.