Catherine I. Eglin, Appellee and Cross Appellant, v. Conrad A. Glatz and Emma L. Glatz, Appellants and Cross Appellees. Bernard Graliker and Lee Boland, Appellees.

Gen. No. 8,927.

Opinion filed October 9, 1936.

REDMON, REDMON & BODMAN, of Decatur, for appellants.

McMILLEN, McMILLEN & GARMAN, of Decatur, for appellee Bernard Graliker.

EVANS & KUHLE, of Decatur, for appellee Catherine I. Eglin.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

Catherine I. Eglin, complainant and cross appellant, filed a bill in chancery in the circuit court of Macon county to foreclose a trust deed conveying a portion of a certain lot in the city of Decatur, as security for a principal note of $1,200 and interest.

Conrad A. Glatz and Emma L. Glatz, his wife, and Bernard Graliker were, among others, made parties defendant. A decree was entered in favor of the complainant from a part of which decree Conrad A. Glatz and Emma L. Glatz perfected this appeal. Catherine I. Eglin gave notice of a cross appeal from the same part of the decree.

The sole question raised by the appeal and cross appeal is whether appellants and the defendant, Bernard Graliker, or some one or more of them, are personally liable for any deficiency that may arise because the premises might sell for less than the amount found due complainant. That part of the decree appealed from by appellants and from which the cross appeal was taken by complainant is as follows:

"It is further ordered, adjudged and decreed, that if the moneys arising from said sale be insufficient to pay the amount so due the plaintiff with interest, after deducting costs and expenses of sale, that the Master so specify the amount of such deficiency in his report of sale, and that on the coming in and confirmation of the said report, the defendants, Conrad A. Glatz and

Emma L. Glatz, who are personally liable for the payment of the debt secured by said trust deed, pay to the plaintiff the amount of such deficiency, with interest thereon, from the date of such last mentioned report, and that the plaintiff have execution therefor."

Catherine I. Eglin, cross appellant, also gave notice of appeal from certain findings in the decree to the effect that Bernard Graliker was not liable for any deficiency that might be occasioned because the premises sold for less than the amount found due the complainant. The decree fails to adjudge that said defendant pay any deficiency and neither does it adjudge that he is not liable for any such deficiency. Complaint is also made by appellants of the findings in the decree that the defendant, Bernard Graliker, did not assume the payment of the mortgage indebtedness.

Appellee, Bernard Graliker, contends that the decree from which the appeal and cross-appeal are taken is not such a final judgment or decree as contemplated by the statute authorizing an appeal to this court and moves the court to dismiss the appeal and cross-appeal.

It is provided by statute:

"In all decrees hereafter to be made in suits in equity directing foreclosure of mortgages, a decree may be rendered for any balance of money that may be found due to the complainant over and above the proceeds of the sale or sales, and execution may issue for the collection of such balance, the same as when the decree is solely for the payment of money. And such decree may be rendered conditionally at the time of decreeing the foreclosure, or it may be rendered after the sale and the ascertainment of the balance due: *Provided,* that such execution shall issue only in cases where personal service shall have been had upon the defendant or defendants personally liable for the mortgage debt, unless their appearance shall be entered in such suits."

Ch. 95, ¶ 17, Ill. State Bar Stats. 1935; ch. 95, sec. 17, Smith-Hurd Ann. St.

In the case of *Cotes v. Bennett*, 183 Ill. 82, 55 N. E. 661, it is said:

"It is only in virtue of power conferred by the statute a money decree can be rendered by a court of chancery in a foreclosure proceeding against the mortgagor or other person liable for the mortgage debt."

Appeals lie only to review the final judgments, orders or decrees of inferior courts, except as to certain enumerated interlocutory orders in certain cases. Ill. State Bar Stats. 1935, ch. 110, ¶ 205; Smith-Hurd Ann. St. ch. 110, sec. 205.

Appellants Conrad and Emma Glatz, and cross appellant, Catherine I. Eglin, also appeal from the findings in said decree that appellee, Bernard Graliker, did not assume the payment of the mortgage indebtedness. An appeal will not lie from a finding or conclusion, either of law or fact, not accompanied by any final judgment or decree, and there can be no personal decree until there is a judicial determination of the amount due. *Thomson v. Black*, 208 Ill. 229, 70 N. E. 318; *Eggleston v. Morrison*, 185 Ill. 577, 57 N. E. 775.

Appellants also insist that the conditional decree rendered wherein it was adjudged that they were personally liable for the payment of the debt secured by the trust deed and were decreed to pay the plaintiff the amount of any deficiency with interest was erroneous. This is not a final judgment from which an appeal may be taken. In the case of *Eggleston v. Morrison, supra,* it is said in speaking of a similar decree: "This decree lacks all the forms of a personal decree for the payment of money, and no action could be brought upon it. Whether anything, or how much, will ever be due from the defendants is unknown. It has never been judicially determined that there is, or will be, any balance of money due over and above the pro-

ceeds of the sale. Unless a decree should be rendered against the defendants in the future, they will be entirely unaffected by the interlocutory finding or conclusion of the court that they will be liable for a deficiency in case it shall exist.'' The decree does not purport to be a final decree for any definite or specified sum. It does not appear from the terms thereof that it has ever been determined, judicially or otherwise, that there is any balance of money due the complainant. It is lacking in the essentials of a judgment or personal money decree in chancery and is not such a judgment or decree. *Cotes v. Bennett, supra.*

A decree entered in a suit for the foreclosure of a mortgage in advance of sale, which merely establishes the right of the mortgagee to a personal money decree if the sale does not produce enough to satisfy the mortgage debt, is not a final decree from which an appeal may be taken, since there may be no deficiency, and if there is, the amount must be judicially determined. *Hartman v. Pistorius,* 248 Ill. 568, 94 N. E. 131.

The conditional decree establishing the right of complainant to a personal money decree against appellants, not being a final decree, we are without authority to review the same. The action of the court can be reviewed only after final decree.

The appeal and cross-appeal are dismissed at the costs of appellants.

*Appeal dismissed.*