### George Daab et al., Appellants, v. Louis G. Ritter, Appellee.

Opinion filed March 9, 1938.

JAMES O. MILLER and ROGERS D. JONES, both of Belleville, for appellants.

WILLIAM H. SCHUWERCK, of Chester, for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

Plaintiffs instituted this suit in the circuit court of Monroe county to recover damages in an action for fraud and deceit. That court sustained defendant's motion in the nature of a demurrer to the amended complaint and the following record entry was made, "Said motion in nature of demurrer to dismiss amended complaint so on file and extended, to amended complaint is thereupon argued by respective counsel and heard by the court. Motion to dismiss sustained. Plaintiff, on oral motion therefor, is granted leave to file second amended complaint within ten days thereafter."

Later plaintiffs filed in writing their election to abide by the amended complaint and refused to plead further. No judgment order was entered after plaintiffs filed their election. Plaintiffs filed a notice of appeal to this court from the order above quoted. Defendant has filed a motion to dismiss the appeal on the ground that said order is not a final appealable order.

Plaintiffs contend that appeals may be taken from orders and judgments which are not final and relies upon section 74 of the Civil Practice Act [Ill. Rev. Stat. 1937, ch. 110, § 198; Jones Ill. Stats. Ann. 104.074].

The statutory authority for an appeal and the kind of judgments from which appeals may be taken is to be found in section 77 of said act. The first sentence of that section provides that appeals will lie to the Appellate or Supreme Court in cases where any form of review may be allowed by law, to review the final judgments, orders or decrees of the courts therein specified.

This sentence is substantially the same words as sec-' tion 91 of the Practice Act of 1907 and under that section it has been repeatedly held that appeals could not be taken from any judgments other than those that are final and section 77 of the present act has been given the same effect. *Duncan v. National Bank of Decatur*, 285 Ill. App. 305.

The entry above quoted is not a judgment at all. It is but a mere memorandum from which a formal judgment might be written. It does not contain the essential elements of a judgment. *City of Alton v. Heidrick*, 248 Ill. 76. There being no final judgment this court has no jurisdiction. *Chicago Portrait Co. v. Chicago Crayon Co.*, 217 Ill. 200; *Duncan v. National Bank of Decatur, supra.*

Although defendant filed a motion raising the question of jurisdiction he has also stated in his brief that he was willing that this court should also consider the questions raised on the pleadings by defendant's motion. The failure to have a final judgment from which the appeal was taken leaves this court without jurisdiction and it cannot be conferred by a stipulation of the parties. *Westcott v. Kinney*, 120 Ill. 564; *Chicago Portrait Co. v. Chicago Crayon Co., supra.*

*Appeal dismissed.*