**F. W. Reynolds et al., Appellees, v. Elmer H. Wangelin et al., Defendants, Illinois State Trust Company, Appellant.**

October term, 1941. Heard in this court at the Opinion filed March 2, 1942. Rehearing denied April 11, 1942.

POPE & DRIEMEYER, of East St. Louis, for appellant.

T. A. O'CONNOR and Thos. L. FEKETE, JR., both of East St. Louis, for appellees.

MR. JUSTICE DADY delivered the opinion of the court.

This is an appeal from a decree of foreclosure entered by the circuit court of St. Clair county, which in addition to ordering a sale of the mortgaged real estate found the defendant Illinois State Trust Company, hereinafter referred to as the "Trust Company," guilty of fraud and as a consequence thereof liable to certain noteholders for the amount of any deficiency which might be found to be due to such noteholders after a sale of the mortgaged property and an application of the proceeds thereof upon the decree indebtedness. At the time the appeal was taken the decree of foreclosure had not been executed and there had been no sale of the mortgaged real estate.

The Trust Company is the only party appealing from the decree and it does not question any provision of the decree relating to the simple foreclosure. All of the assignments of error are directed to that portion of the decree which imposes a liability upon the Trust Company to pay the amount of any deficiency that may be found to be due after a sale.

Although the point has not been raised by any of the parties, it appears that the appeal taken by the defendant in this case is premature. It was determined in the case of *Eggleston v. Morrison*, 185 Ill. 577, that a conditional deficiency decree entered in a foreclosure suit in advance of sale is not a final decree. The basis for this ruling is found at page 579 of the opinion where the court makes these observations

which we consider equally pertinent to the case before us: "While the statute authorizes the decree to be entered conditionally at the time of decreeing the foreclosure, its only effect is that of a finding that the complainant is entitled to a personal decree for any balance that may be due after the application of the proceeds of the sale. An appeal will not lie from a finding or conclusion, either of law or fact, not accompanied by any final judgment or decree, and there can be no personal decree until there is a judicial determination of the amount due. That amount can only be ascertained after the sale, and such a decree as this is not final in that respect. (*Cotes v. Bennett,* 183 Ill. 82.) This decree lacks all the forms of a personal decree for the payment of money, and no action could be brought upon it. Whether anything, or how much, will ever be due from the defendants is unknown. It has never been judicially determined that there is, or will be, any balance of money due over and above the proceeds of the sale. Unless a decree should be rendered against the defendants in the future, they will be entirely unaffected by the interlocutory finding or conclusion of the court that they will be liable for a deficiency in case it shall exist." The rule laid down in the *Eggleston* case has been approved and followed in *Thomson v. Black,* 208 Ill. 229; *Lewis v. Matteson,* 257 Ill. App. 1; *Eglin v. Glatz,* 287 Ill. App. 44; *Patek v. Baim,* 299 Ill. App. 405; *State Bank of St. Charles v. Burr,* 375 Ill. 379. In *State Bank of St. Charles v. Burr,* the court points out that no final deficiency decree is entered until the court has determined the amount of the deficiency and has entered judgment thereon and that act cannot take place until after the foreclosure sale. (See also *Bride v. Stormer,* 368 Ill. 524.)

In *Hartman v. Pistorius,* 248 Ill. 568, the court assumed jurisdiction to pass upon the propriety of a decree finding a deficiency in advance of sale, but in doing so recognized the general rule as laid down in

the *Eggleston* case, and explained its action on the ground that the decree before it involved something more than the mere right to a deficiency. The reasons given by the court for assuming jurisdiction in that case are not at all clearly developed and the case of *Attebery v. Blair,* 244 Ill. 363, which is cited in the *Hartman* case as authority for the proposition that it was improper for the court to order execution to issue on confirmation of the master's report for any deficiency that might exist, does not decide that point. We do not feel that this single case furnishes sufficient precedent to make the case before us an exception to the general rule as laid down in the *Eggleston* case and the line of decisions following that case.

Under the provisions of section 77 (1) of the Civil Practice Act (Ill. Rev. Stat. 1941, ch. 110, par. 201 [Jones Ill. Stats. Ann. 104.077]) our jurisdiction is limited to a review of final judgments, orders, and decrees. (*Daab v. Ritter,* 294 Ill. App. 203; *Prange v. City of Marion,* 297 Ill. App. 353.) This provision of the Civil Practice Act is substantially the same as section 91 of the Practice Act of 1907 and under section 91 it was repeatedly held that appeals could be taken only from final judgments or orders. (*Heilbrunn v. Ellsworth,* 184 Ill. App. 223; *Lavin v. Wells Bros. Co.,* 195 Ill. App. 108; *People ex rel. Pantier v. Pantier,* 221 Ill. App. 574; *Meyers v. Ackerlund,* 224 Ill. App. 417; *Kircher v. Hamill,* 239 Ill. App. 496.) It is equally established that whenever an appeal is taken from other than a final judgment or decree, except where specifically authorized by statute, we have no alternative except to dismiss it. (*Chicago Portrait Co. v. Chicago Crayon Co.,* 217 Ill. 200; *Eglin v. Glatz, supra; Daab v. Ritter, supra; Prange v. City of Marion, supra.*) In *Eglin v. Glatz, supra,* the sole question raised by the appeal was whether certain parties were personally liable for any deficiency that might arise because the premises might sell for less than the

amount found due to complainant. In dismissing the appeal, the court there said at page 48 of its opinion: "The conditional decree establishing the right of complainant to a personal money decree against appellants, not being a final decree, we are without authority to review the same. The action of the court can be reviewed only after final decree." In the absence of a final appealable order, the parties cannot confer jurisdiction on us by consent (*Daab v. Ritter, supra*) and it is our duty to dismiss a premature appeal on our own motion even where the question of jurisdiction is not raised by any of the parties. (*Chicago Portrait Co. v. Chicago Crayon Co., supra; Prange. v. City of Marion, supra.*)

We would prefer to entertain the present appeal on its merits but in view of the foregoing authorities we are powerless to assume a jurisdiction which we do not possess. The appeal will, therefore, be dismissed.

*Appeal dismissed.*