Bankers Life Company of Des Moines, Iowa, and Alabama Company, Appellees, v. City of Chicago Heights, Appellant.

Gen. No. 42,278.

Opinion filed March 22, 1943.

Chris D. Gregory, of Chicago Heights, for appellant.

Markman, Donovan & Sullivan, of Chicago, for appellees; Henry O. Nickel, of Chicago.

Mr. Justice O'Connor delivered the opinion of the court.

November 2, 1939, plaintiffs, the owners of certain special assessment bonds issued by defendant City, had a decree entered in their favor which found that defendant, August 11, 1933, wrongfully diverted certain of the funds collected by it from the property owners in payment of the special assessments against which plaintiffs' bonds were issued. The several amounts of the diversions were specifically set forth and it was adjudged and decreed that the defendant City "restore forthwith to Chicago Heights Special

Assessment Warrant No. 359, the principal diverted in the unmatured installments as follows: 9th installment maturing 12/31/39, $3,086.80; 10th installment maturing 12/31/40, $3,077.30,'' and it was likewise decreed as to special assessment 351. That upon the restoration of these sums, together with any cash on hand received by defendant in payment of the unmatured installments, the defendant City call bonds pursuant to § 43, of the Local Improvement Act, for the purpose of distributing the money to the bondholders. That in the event the restoration was not made before maturity of the bonds, plaintiffs have judgment against defendant City ''for the amounts due the respective plaintiffs, together with interest thereon at the rate of 5% per annum from the date of the diversion, and that this court retain jurisdiction for that purpose.'' There were other sums of the same character which the decree found had been diverted, which need not be specifically mentioned here. The moneys were not restored, the bonds were not called, and January 27, 1942, the court, on motion of plaintiffs, entered another decree in which it was recited that the decree had been entered November 2, 1939, ordering the restoration of the special assessment funds by the City, above referred to; the failure to restore; and it was decreed that defendant pay plaintiffs their *pro rata* amounts due as found by the original decree, with interest at 5% per annum from August 11, 1933, the date of the diversion. Defendant appeals.

Defendant contends that since the bonds issued against the 9th and 10th installments ''did not mature until December 31, 1939 and December 31, 1940, respectively, and inasmuch as such bonds had attached to them 6% interest coupons to maturity date, interest at 5% on the diverted amounts should be allowed only from and after the date of the maturity of the bonds.'' And further, counsel says that ''the decree

entered November 2, 1939, found that certain moneys collected in the 9th and 10th installments of both said special assessments had been diverted on August 11, 1933, and ordered the City to restore the amounts diverted forthwith, and, together with the cash on hand in such installments of both said special assessments, to call bonds pursuant to Section 43 of the Local Improvement Act, and upon the City's failure to restore the diverted amounts before maturity, that judgments be entered against the City for the amounts found due the respective plaintiffs, together with interest at the rate of 5% per annum from the date of diversion and that the court retain jurisdiction for that purpose." That the City failed to restore the amounts diverted and counsel then says, "The only question in dispute was the date from which accrued interest at 5% should be computed." Counsel for plaintiffs agree that this is the only question for decision before us.

The original decree of November 2, 1939, was entered on the report of a master to whom the cause had been referred to take evidence and make up his report with his recommendations. No objections or exceptions were filed to the master's report and the original decree was not appealed from.

Counsel for defendant contends that the City would only be required to pay interest after the bonds matured and *Conway v. City of Chicago*, 237 Ill. 128, *Rothschild v. Village of Calumet Park*, 350 Ill. 330 and other authorities are cited. And further that it was "Not until the decree of January 27, 1942, did the trial court enter final, conclusive and appealable judgments."

We think it would serve no useful purpose to discuss the authorities cited for we are of opinion that the original decree of November 2, 1939, was a final and appealable decree. It found the specific amounts due, the date of the diversion, and decreed the restoration to be made at that time. And it was further de-

creed that if the restoration was not made before the bonds matured, that judgment be entered against defendant for the amounts diverted "together with interest thereon at the rate of 5% per annum from the date of the diversion." This decree was based on the finding and recommendations of the master in chancery to which no objections or exceptions were filed and not having been appealed from, the rights of the parties were finally adjudicated. The only thing that remained to be done to authorize the decree of January 27, 1942, was to compute the interest as the original decree provided. No additional evidence was heard, offered or required. The case of *Reynolds v. Wangelin,* 314 Ill. App. 12, cited by counsel for defendant, is not in point. In that case the court, in referring to *Eggleston v. Morrison,* 185 Ill. 577, said that a conditional deficiency decree entered in a foreclosure suit in advance of sale is not a final decree for the reason that until the property is sold it could not be ascertained whether there would be a deficiency. But in the instant case, the amount to be restored was specifically fixed as was the date of the diversion and it was decreed that unless the restoration be made before the bonds were due, the City be adjudged to pay such amounts together with interest from the date of the diversion, at 5%.

The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*