Supreme Court, Appellate Term, January, 1917. [Vol. 98.

Anna D. Mulcahy, Respondent, v. Ernestine Weber and Gertrude Faust, Appellants.

Dennis Mulcahy, Respondent, v. Ernestine Weber and Gertrude Faust, Appellants.

(Supreme Court, Appellate Term, First Department, January, 1917.)

Mortgages — foreclosure of — receivers — agency — when mortgagees not liable to tenant injured descending stairway — negligence.

> Where the owner of mortgaged premises, pending an action to foreclose the mortgage, and in order to avoid the expense of a receivership, appointed a real estate agent, a relative of the mortgagees, as his agent to manage the premises, collect the rents and apply the surplus rents to the reduction of the mortgage, the mortgagees are not liable to a tenant who was injured while descending a stairway which was worn and out of repair.

Appeal from judgments of the Municipal Court of the city of New York, borough of Manhattan, sixth district, entered upon verdicts in actions, one brought to recover damages for personal injuries, and the other for loss of wife's services, tried before the court and a jury.

Engelhard, Pollak, Pitcher & Stern (Walter H. Pollak, Frederic C. Pitcher, Samuel L. Jackson, of counsel), for appellants.

John R. Jones, for respondents.

Lehman, J. The plaintiff Anna D. Mulcahy was injured while descending a stairway in the house where she was a tenant. She claims in her complaint that "the defendants through their agent, Charles A. Weber, were in possession, management and control

of the premises,'' and that her injuries are due to the defendants' negligence in permitting the floor covering on the stairway to become worn and out of repair. She has recovered a judgment for $500 against the defendants and her husband has recovered a judgment of $100 against them. Both actions were tried together and the defendants appeal from both judgments.

The defendants do not upon this appeal claim that the plaintiffs failed to prove that Anna D. Mulcahy was injured by the negligence of the person who was in the possession and control of the premises but they do claim that there is no evidence to sustain the allegations of the complaint that they were ''in possession, management, and control.''

The evidence shows without dispute that Henry W. Schutt is the owner of the premises. The defendants are trustees of the estate of Anton Faust and as such are the owners of a mortgage on the premises. They started to foreclose this mortgage and secured an order for the appointment of a receiver. Before the receiver qualified Henry W. Schutt, in order to avoid the expense of a receivership, arranged with Charles A. Weber that he should collect the rents of the premises and thereafter he did proceed to collect the rents. Charles A. Weber is the husband of one defendant and the son-in-law of the other, and is in the real estate business and collects the rents of houses owned by the Faust estate. The plaintiffs' claim is that Charles A. Weber collected the rents as agent of the defendants; that he collected the rents with the consent of the legal owner, who thereby gave the defendants, through their agent, control and possession of the premises and subjected them to the obligations and liabilities of mortgagees in possession.

In order to prove that the defendants were mortgagees in possession the evidence must be sufficient to

Supreme Court, Appellate Term, January, 1917. [Vol. 98.

show that they had actual control of the premises. It is not sufficient for this purpose to show that Weber was collecting the rents in order that they might thereafter be applied on the mortgage, but the evidence must show that he was collecting the rents as *their agent* under control and possession of the premises given *to them* by the legal owner. In other words, the test is not for whose benefit Weber was acting, but by whose authority and under whose control he was acting. The evidence shows that he was given authority to collect the rents in order to avoid the expense of a receiver. Although there is no evidence to show that the defendants had authorized Weber to waive the appointment of a receiver if he obtained the right to collect the rents and to hold the surplus above expenses for application upon any deficiency upon foreclosure or in reduction of the mortgage indebtedness, yet I will assume that he did represent the defendants in making such an agreement with the owner; that thereafter he did collect the rents under the authorization of the owner, and that by the terms of the agreement with the owner any surplus of rents remaining in his hands upon an accounting was to be applied in reduction of the defendants' mortgage.

In other words, I will assume that Charles A. Weber, in collecting the rents, was acting with the consent of the defendants for their benefit, but under all the authorities I think that such facts are insufficient to show that the defendants are mortgagees in possession unless we can also assume that Weber's authority to collect the rent emanated from the defendants and not from the legal owner. In the case of *Ireland* v. *United States Mortgage & Trust Co.,* 72 App. Div. 95, the owner of the premises made an agreement with the mortgagee itself employing the mortgagee '' as his sole agents to take the sole care, charge and management of

said premises and does hereby make, constitute and appoint them his attorneys in fact *irrevocable, with full power and authority to take possession of the said demised premises,"* etc. The agreement further provided that the mortgagees were to pay out of the rents received the ground rent on the premises; taxes, necessary and proper charges for repairs, alterations and additions and the costs and expenses in the running care and management of said premises, etc., and also a three per cent commission for its services and out of the surplus to apply the sum of $5,000 each six months on its mortgage. That case differs from this case in the following respects: In that case the proof showed that the mortgagor gave actual possession and control to the mortgagee under power *irrevocable until the mortgage debt was paid;* in this case at best the proof shows only that the mortgagor gave a right to collect the rents to a real estate agent for a commission to be paid by the owner, and to hold the surplus rents so collected to be applied on the mortgage debt; the agent never had control of the premises for he was not permitted even to make repairs without the owner's consent and apparently received orders from him in the management of the property and *a fortiori* the defendants never had such control. However, even in the former case the Appellate Division decided that the mortgagee though in possession was in possession as the agent of the owner and not under any right as mortgagee. The court there said: "The possession of the defendant was not as mortgagee, or for the enforcement of its right to the premises because of that relation, but as the agent of de Logerot under a specific agreement with him as to the disposition of the proceeds of the property that as such agent it should

receive. This possession was entirely inconsistent with the right of a mortgagee in possession. It is well settled that ' the mere fact that the mortgagee receives the rents and profits does not constitute him chargeable as a mortgagee in possession; nor is it sufficient that there is a merely constructive possession, or a possession by virtue of any other right than that of the mortgage.' 20 Am. & Eng. Ency. of Law [2d ed.], 1010.'' In the present case the owner never gave the mortgagees any possession of any kind but at most appointed their relative, a real estate agent, to act as his agent in the management of the premises and to apply the surplus rents under his authorization to the reduction of the defendants' mortgage.

It follows that the defendants are not mortgagees in possession.

Judgment should, therefore, be reversed, with fifteen dollars costs in each case, and complaints dismissed upon the merits, with costs.

WHITAKER and FINCH, JJ., concur.

Judgments reversed, with costs in each case.