Ella L. Stevens, Plaintiff, v. William T. Blue et al., Defendants. Herbert H. Mitchell, Receiver, Appellant. Dorothy Stalzer, Appellee.

Gen. No. 42,509.

Opinion filed June 30, 1943.   Rehearing denied December 8, 1943.

STEVENS & STEVENS, of Chicago, for appellant; GEORGE M. STEVENS, of Chicago, of counsel.

FRIEDLUND, LEVIN & FRIEDLUND, of Chicago, for appellee; EMIL N. LEVIN, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

It appears from this record that there was an order entered on July 31, 1942 by Judge G. FRED RUSH, in which the court orders, adjudges and decrees as follows: That Herbert H. Mitchell, receiver herein, pay to Dorothy Stalzer, the first mortgage holder, within 10 days from the date thereof, the net income from operating and management of the mortgaged property, being the aforedescribed property, from June 4, 1940, the date of the order extending the receivership, to the date thereof; that the report and account filed by Her-

bert H. Mitchell on April 15, 1942, purporting to be his fifth current report and account, be not approved and said Herbert H. Mitchell, receiver, is ordered and directed to prepare his Report and Account in accordance with the terms of this order, and submit the same to this court within 10 days from the date thereof; that he pay to Dorothy Stalzer from time to time hereafter, all the net income from the operation and management of the said property until July 10, 1943, the date of expiration of the period of redemption, unless said deficiency of Four Thousand One Hundred Twenty-two and 00/100 Dollars ($4,122.00) plus interest, shall be sooner satisfied in full.

Appellant prays that the order be reversed and set aside, and that the cause be remanded with directions to the circuit court to enter an order approving said receiver's fifth current report and account, or that such order be entered in this court.

Plaintiff, Ella L. Stevens, on February 14, 1935, filed her amended complaint in her creditor's suit against William T. Blue and Lydia L. Blue, his wife, the equitable owners of the property in question, and others, and on April 5, 1935, Herbert H. Mitchell was appointed receiver of said property and of the rents, issues and profits thereof. On July 8, 1938, a decree was entered herein directing the receiver to turn over to the attorneys for the plaintiff the net proceeds from such rents and income to be applied upon the payment of plaintiff's costs in this suit and upon the satisfaction of plaintiff's judgment in the sum of $18,556.20, with interest at the legal rate from November 29, 1933.

On April 24, 1940, Dorothy Stalzer filed her complaint in the superior court of Cook county to foreclose her first mortgage trust deed, in which complaint she prayed for the appointment of a receiver ''for the mortgaged premises and of the rents, issues and profits thereof.'' Without notice to plaintiff or to the receiver theretofore appointed by the circuit court, a

receiver was appointed by the superior court of the mortgaged premises and of the rents, issues and profits thereof.

On motion of Herbert H. Mitchell, circuit court receiver, said receiver appointed in the superior court case was discharged and said cause transferred to the circuit court as Case No. 40 C 4912.

Thereupon said Dorothy Stalzer filed her intervening petition in this cause, asking for an order vacating or modifying the order theretofore entered herein appointing Herbert H. Mitchell receiver, for his removal as such receiver, and for the impounding of the rents, issues and profits for her benefit, setting up, among other things, that "unless the rents, issues and profits from the mortgaged premises described in trust deed held by petitioner are sequestered and applied on account of the payment of taxes and the indebtedness due petitioner, petitioner will suffer irreparable injury," and praying that "the rents, issues and profits of the mortgaged property be sequestered and preserved for the use of petitioner and other parties in interest, in accordance with the terms of the trust deed held by petitioner." The relief, so prayed for by Dorothy Stalzer was denied by the court, which after full argument by counsel as to the comparative equities of the parties, entered an order extending the receivership as to the mortgaged premises only, and not as to the rents, issues and profits thereof, as in its discretion it well might have done, had it believed that it was equitable so to do. This order, entered June 4, 1940, was, in part, in words and figures as follows:

"On motion of Marston, Friedlund & Friedlund, attorneys for Dorothy Stalzer, petitioner, upon due notice, and upon consideration of verified petition of Dorothy Stalzer, and argument of counsel, it is Ordered, Adjudged and Decreed as follows:

"That the petition of Dorothy Stalzer to remove Herbert H. Mitchell as receiver of the mortgaged

premises be, and the same is hereby denied without prejudice to petitioner to renew such a motion.

"It is further ordered that the receivership, insofar as it appertains to the mortgaged premises (here follows description of the property), be and the same is hereby extended to and for and on behalf of Dorothy Stalzer, petitioner, . . . with the same force and effect as if a receiver had been appointed in said Circuit Court Case No. 40 C 4912.

"That Marston, Friedlund & Friedlund, attorneys for Dorothy Stalzer, shall receive notice of all proceedings had and taken herein, insofar as they relate to the receivership of the mortgaged property herein described."

In petitioner Stalzer's foreclosure suit, the master sold the premises in question pursuant to foreclosure decree, filed his report of sale and distribution and on April 28, 1942, an order was entered in said foreclosure proceeding approving the master's report and finding that there was a deficiency due the plaintiff, Dorothy Stalzer, in the sum of $4,122.04, but no deficiency decree or judgment was entered on such finding.

On or about April 6, 1931, the Blues executed the notes in question totaling $10,000, four in the sum of $500 each, maturing one, two, three and four years after date respectively, and one in the sum of $8,000, maturing five years after date, with interest until maturity at 6 per cent per annum, and with interest after maturity at 7 per cent per annum, and secured by the trust deed sought to be foreclosed.

The court, under the circumstances saw fit, in the exercise of its equitable discretion, to deny Dorothy Stalzer's petition and prayer to have the rents, issues and profits of the mortgaged premises sequestered and preserved for her use, and left its decree directing the receiver to pay the same to the plaintiff in her creditor's suit unchanged and in full force and effect, and extended the receivership to and for and on her

behalf, merely as to the mortgaged premises, and not to the rents, issues and profits thereof.

It is submitted by Dorothy Stalzer, the intervening petitioner, that the first mortgagee's rights were not, and could not be affected by any decree entered in a prior creditor's suit to which the first mortgagee was not a party. On this subject petitioner calls to this court's attention the case of *Goldberg v. Hoffman*, 262 Ill. App. 112, where this court speaking through Mr. Justice KERNER said:

"The lien of the complainant (appellant), second mortgagee, on the rents was always subject to the prior lien, pledge and conveyance thereof evidenced by the first mortgage. Any exclusive right that the appellant had to rents through the appointment of a receiver at his instance is predicated not on his second mortgage contract but on his superior diligence. Such exclusive right continues, of course, only so long as the prior mortgagee refrains from asserting his prior right."

It is suggested also that the first mortgage holder asserted her prior right by procuring the extension of the receivership and gave due notice to the receiver and all parties in interest of her paramount claim to the rents. From the date of the extension of the receivership the judgment creditor was no longer entitled to the funds to be collected by the receiver. The receiver became bound to collect and hold funds until the court would direct him as to the distribution thereof. (Reeve on Mortgages, vol. 2, page 633; *Cross v. Will County Nat. Bank*, 177 Ill. 33.)

In 95 A. L. R., at page 1068, it is stated:

"It seems that it is not necessary, in order that a senior mortgagee intervening and filing a cross-complaint in proceedings for foreclosure of a junior mortgage may be entitled to priority in the distribution of rents and profits collected by a receiver previ-

ously appointed in the act, that the senior mortgagee specifically pray that the receiver be required to hold the rents and profits for his benefit, the receiver being bound as an officer of the court to hold the rents and profits for 'the benefit of all parties interested in the action.''

It appears too from the statement of petitioner that the first mortgage holder secured a decree in her foreclosure suit, to which Ella L. Stevens, the judgment creditor, was a party, finding that the mortgage was a first, prior and paramount lien on the mortgaged premises, and the rents, issues and profits therefrom. This decree was affirmed by the Appellate Court and leave to appeal denied by the Supreme Court.

It should be noted that a substantial portion of the moneys held by the receiver were collected during the period the foreclosure sale was delayed on account of the appeal taken by Ella L. Stevens. The same attorney who acted in the appeal for Ella L. Stevens is now prosecuting this appeal on behalf of the receiver.

It is suggested by the petitioner that it is to be noted that although the brief is filed on behalf of Mitchell, the receiver, who presumably is disinterested as to application of income, it actually is an argument on behalf of Ella L. Stevens, and was prepared and filed by her attorney. Its principal contention is that Ella L. Stevens, the judgment creditor, has a prior claim to the net income over Stalzer, the first mortgage holder. It is further suggested by the petitioner that she questions the propriety of the receiver in perfecting this appeal and arguing the case on behalf of a junior creditor against a senior creditor; that it is conceded that in certain cases a receiver has an appealable interest (orders affecting settlement of his accounts), but it is questioned whether this is such a case. (*Yoelin v. Kudla*, 302 Ill. App. 412.) The receiver was an office associate of George M. Stevens,

his attorney who is a cousin of the mortgagor and the son and attorney for the judgment creditor. The petitioner makes a charge in Stalzer's original intervening petition wherein it was alleged that the creditor's suit was a collusive suit to defraud creditors and that Herbert H. Mitchell, George M. Stevens' colleague was interested in the litigation and therefore wholly unfit to act as receiver.

The receiver answers the petitioner that it is true that the first mortgagee's rights were not affected by the decree entered in the prior creditor's suit, to which she was not a party, but while her mortgage or trust deed gave her a prior lien on the premises involved, such fact did not prevent plaintiff's subsequent lien from acquiring priority as to the rents, issues and profits thereof, and cites 4 A. L. R., p. 1410:

"A provision giving the mortgagee a lien on such rents and profits and authorizing the mortgagee to take possession in case of default, and collect and receive the rents and profits, does not vest such rents and profits in the mortgagee without action on his part. This is true even as to rents and profits accruing after a default, . . . .

"Before any action is taken to obtain possession of the rents and profits, a creditor may obtain a lien thereon by judicial process, which is superior to that of the mortgagee."

A recent Illinois case very definitely holding to the above enunciated rule, is that of *Fidelity Trust & Savings Bank v. Ahlgrim*, 278 Ill. App. 147, wherein at page 151, the court, speaking through Mr. Justice WILSON, said:

"The original owner of the equity and the mortgagor having, however, mortgaged the rents, issues and profits in the instrument on which the bill of complaint is based, has granted to the mortgagee a right which he can enforce in a court of equity and the only

way in which this can be done is by the court decreeing the payment of the rents, issues and profits during the period of redemption to the mortgagee until the deficiency has been exhausted or the period of time has elapsed.''

It appears from the receiver's brief that petitioner Dorothy Stalzer recognized the above rule and appreciated full well the necessity of compliance with it, for she not only in her bill to foreclose her trust deed lien prayed that·a receiver be appointed of the mortgaged premises and of the rents, issues and profits thereof, but in her intervening petition filed herein on June 4, 1940, prayed that the rents, issues and profits of the mortgaged property be sequestered and preserved for her use.

On May 20, 1942 Dorothy Stalzer filed her verified petition alleging that a decree of foreclosure had been entered in the foreclosure suit; that there was due her under the decree the sum of $11,937, etc., that the decree provided that she had a prior lien on the mortgaged property and the rents, issues and profits thereof; that in accordance with the terms of the decree of foreclosure the master sold the mortgaged premises, filed his report of sale and distribution; that the circuit court had entered an order approving the master's report of sale and distribution and that under the master's report of sale and distribution and the order approving the same the master reported and the circuit court found there was a deficiency due Dorothy Stalzer in the sum of $4,122.00; that the receiver's report, to and including March, 1942, showed the receiver had on hand $2,214.49 as net income from the mortgaged property from the date of the order extending the receivership.

The first mortgage holder contends that by reason of, first, the extension of the receivership and, second, the decree finding the mortgage to be a valid, prior and paramount lien on the mortgaged property and

the rents, issues and profits thereof, the master's report of sale and the order approving the same showing a deficiency of some $4,000, that she is entitled to the net income collected by the receiver from the date of the extension of the receivership until the deficiency is satisfied.

In examining the report that was filed by the master it is interesting to note what was said by this court in the case of *Eglin v. Glatz*, 287 Ill. App. 44:

"Appellants Conrad and Emma Glatz, and cross appellant, Catherine I. Eglin, also appeal from the findings in said decree that appellee, Bernard Graliker, did not assume the payment of the mortgage indebtedness. An appeal will not lie from a finding or conclusion, either of law or fact, not accompanied by any final judgment or decree, and there can be no personal decree until there is a judicial determination of the amount due. *Thomson v. Black*, 208 Ill. 229, 70 N. E. 318; *Eggleston v. Morrison*, 185 Ill. 577, 57 N. E. 775.

"Appellants also insist that the conditional decree rendered wherein it was adjudged that they were personally liable for the payment of the debt secured by the trust deed and were decreed to pay the plaintiff the amount of any deficiency with interest was erroneous. This is not a final judgment from which an appeal may be taken. In the case of *Eggleston v. Morrison, supra,* it is said in speaking of a similar decree: 'This decree lacks all the forms of a personal decree for the payment of money, and no action could be brought upon it. Whether anything, or how much, will ever be due from the defendants is unknown. It has never been judicially determined that there is, or will be, any balance of money due over and above the proceeds of the sale. Unless a decree should be rendered against the defendants in the future, they will be entirely unaffected by the interlocutory finding or conclusion of the court that they will be liable for a deficiency in case it shall exist.' The decree does not purport

to be a final decree for any definite or specified sum. It does not appear from the terms thereof that it has ever been determined, judicially or otherwise, that there is any balance of money due the complainant. It is lacking in the essentials of a judgment or personal money decree in chancery and is not such a judgment or decree." *Cotes v. Bennett,* 183 Ill. 82, 55 N. E. 661.

From the order that was entered it does not appear that the defendants are named who are liable for this deficiency that is the subject matter of this suit, and the question, of course, would be whether the receiver would be justified in paying the rents, issues and profits to Dorothy Stalzer. While the order does find that on February 27, 1941, a final decree was entered in the foreclosure proceeding finding that the notes and trust deed were good and valid and the lien upon the mortgaged property and the rents, issues and profits thereof was prior and paramount to the claim of Ella L. Stevens and other persons and that thereafter the premises were sold by the master in chancery and a deficiency was entered by the court in favor of Dorothy Stalzer in the sum of $4,122 plus interest, it is noted that the defendants who are subject and liable to this deficiency are not mentioned in the order that was entered and from which the receiver appeals.

As suggested in the briefs of the receiver, the findings of a court correspond to the verdict of a jury and determine nothing until followed by adjudication in the ordering part of the decree, and, as we have already indicated, there is here merely a finding that there was a deficiency due Dorothy Stalzer in the sum of $4,122.04, and it does not appear from the record that a decree was ever entered on that finding, and under the rule of law above set forth such finding determines nothing until followed by adjudication in the ordering part of the decree.

A case was cited which is helpful upon this question, entitled *Chechik v. Koletsky,* 305 Ill. 518.

It is clear from the order of June 4, 1940, that the chancellor did not grant Dorothy Stalzer's prayer for sequestered rationing of the rents, issues and profits and that he extended the receivership only to the corpus of the property. The order, accordingly, continued in effect the duty of the receiver to continue applying the income according to the terms of the decree of July 8, 1938. The foreclosure decree did not increase Dorothy Stalzer's rights retroactively, but only from its entry. The lien granted her in the trust deed required action for its enforcement (*Fidelity Trust & Savings Bank v. Ahlgrim,* 278 Ill. App. 147) and until enforced plaintiff's rights to the income under the decree were unaffected.

Under the facts and the law, the order entered on July 31, 1942, ordering that the receiver herein pay to Dorothy Stalzer the net income from the property involved, is reversed, and the cause is remanded to the circuit court with directions to enter an order approving the receiver's fifth current report and account filed on April 15, 1942 and which shows the payment of $2,000 to Stevens & Stevens, successors to Stevens & Carrier, attorneys for Ella L. Stevens, plaintiff, to apply in satisfaction of her judgment, pursuant to decree and order of the court, together with the sum of $200 receiver's fees paid to himself and $200 to O. A. Rawlins, agent's commission for handling said property.

*Reversed and remanded with directions.*
BURKE, P. J., and KILEY, J., concur.