(No. 35981.—

GENO COCANIG *et al.,* Appellants, *vs.* THE CITY OF CHICAGO, Appellee.

*Opinion filed March 29, 1961.*

DAVID KRUEGER, of Chicago, (WILLIAM C. WINES, of counsel,) for appellant.

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN, and EDWARD E. PLUSDRAK, Assistant Corporation Counsel, of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The plaintiffs, Geno Cocanig and Mary Cocanig, brought suit to enjoin the city of Chicago from shutting off water to their residence property. The city filed a motion to strike the complaint, which was allowed. The plaintiffs appealed to the First District Appellate Court, which affirmed the judgment. (25 Ill. App. 2d 433.) We granted petition for leave to appeal.

The following facts gave rise to the present action. On or about March 26, 1954, one McNamara purchased a house at 5742 South Sawyer Avenue, Chicago, and executed a mortgage to Lawn Savings and Loan Association. Thereafter Lawn Savings and Loan foreclosed the mort-

30—21 2d

gage, and obtained a master's deed on October 29, 1956, at which time, apparently, McNamara quit the premises, leaving behind him an unpaid water bill in the sum of $41.20. On December 28, 1956, the plaintiffs executed a contract to purchase the premises from Lawn Savings and Loan, and entered into possession. They paid all the water bills subsequently incurred by them. About 18 months after plaintiffs took possession the city of Chicago demanded of them payment of the bill incurred by McNamara, and threatened to shut off the water unless the bill was paid. The plaintiffs refused to pay the bill, and filed suit for injunction seeking to prevent the city from shutting of the water.

The defendant city contends that there is an ordinance authorizing it to cut off the water and that plaintiffs fall within the provisions of the ordinance; and, in any event, plaintiffs have an adequate remedy at law.

Section 185—46.1 of the ordinances of the City of Chicago reads as follows: "The remedy by enforcement of the lien for unpaid water bills and charges as provided in sections 185—45 and 185—46 of this code shall not be exclusive of any other legal remedy to collect the amount due and unpaid for water consumed or furnished to, or water service installed or disconnected for, the person liable therefor. The water supply of the premises against which assessed rates or rents remain unpaid may also be cut off as provided in section 185—44 of this code; *provided, that if more than four months shall have elapsed since the assessed rates or rents have become due and payable, the water supply of such premises shall not be cut off unless suit shall have been commenced or a claim for lien shall have been filed as provided in section 185—45 and 185—46 of this code, or unless the person liable for the unpaid water bills is the owner, occupant or person in possession or in control of such premises when the supply of water is cut off."* (Emphasis supplied.) This ordinance was enacted pursuant

to the authority granted the city by section 75—4 of the Revised Cities and Villages Act. Ill. Rev. Stat. 1959, chap. 24, par. 75—4.

Four months had elapsed since the rates became due and payable, and therefore the city could not cut off the water unless it brought itself within one of the exceptions to the proviso. There is no contention that the city filed a notice of lien within four months, or at any other time, nor had suit been filed as provided in sections 185—45 and 185—46 of the code. We come to the third exception, which is, "unless the person liable for the unpaid water bills is the owner, occupant or person in possession or control of such premises when the water supply is cut off."

The plaintiffs were not liable for the water bill, which was not contracted for by them or known to them. They were under no more obligation to pay it than they were to to pay other bills of any other persons. (*City of Chicago* v. *Northwestern Mutual Life Ins. Co.*, 218 Ill. 40.) The person who was liable for the bill was McNamara. He was in possesion during the time the obligation was contracted, and used the water which gave rise to the bill. We can see no such benefits accepted by plaintiffs that would make them liable for a bill incurred prior to their obtaining an interest in the premises.

The city, however, argues that Lawn Savings and Loan was "the person liable," as mortgagee during McNamara's ownership, and was also the owner of or in control of such premises, when the water would be shut off, and cites *City of Chicago* v. *Mandoline,* 26 Ill. App. 2d 480, and *City of Chicago* v. *Porter,* 26 Ill. App. 2d 323 to the effect that both the contract seller and the contract purchaser are liable for violations of a municipal ordinance. We cannot agree with this contention. Until Lawn Savings and Loan obtained a master's deed it was not the owner but the mortgagee. Lawn Savings and Loan was not in control of the premises at the time the bill was incurred, and significantly,

the city did not present the bill to Lawn Savings and Loan Association. It was not the "person liable" within the clear meaning of the ordinance.

Had the city followed the procedures prescribed by ordinance in shutting off water to the premises, the plaintiffs would have been put on notice and there could be no argument that before the water could again be turned on, someone would have to pay the old bill. In *City of Atlanta* v. *Burton,* 90 Ga. 486, 489, 16 S.E. 214, referred to on oral argument by defendant, the court stated: "When any particular building is in arrears for water charge, the city does not demand of the present occupant the payment of a debt due by a former occupant, for which the latter is doubtless liable, but simply exercises its right to require that its proper charge against this building shall be paid before again supplying it with water." The Georgia court in essence provided the city of Atlanta with a lien, but in Chicago there can be a lien only by a statutory procedure which was not followed. Furthermore, in the *Burton case,* the water had been shut off before the new tenant took possession.

The city of Chicago has by ordinance determined its remedies for collection of unpaid water bills. We cannot concern ourselves with the practical difficulties in pursuing these same remedies the city has provided pursuant to statute. From the pleadings before us, it is clear that the cutting off of water to the present plaintiffs is a remedy unavailable to the city.

The only question remaining is whether the plaintiffs pursued the proper remedy, by seeking equitable relief rather than paying the water bill under protest and then suing to recover payment. The defendant cites the cases of *Rockford Savings and Loan Association* v. *City of Rockford,* 352 Ill. 348 and *City of Chicago* v. *Northwestern Mutual Life Ins. Co.* 218 Ill. 40, in support of its contentions that the only remedy for plaintiffs was to pay the old bill, and then sue to recover. While these cases concern

themselves with that type of relief, we do not think it is an exclusive remedy, and we can envisage many circumstances in which it would be impractical. The fact that only $41.20 is involved here does not preclude equity jurisdiction. In the absence of compliance with the provisions of the ordinance, no right exists to cut off a water supply to compel the payment of a bill which it is not the duty of the customer to pay, and if the city threatens to take such action, the city can and should be enjoined. Anno., 28 A.L.R. 472 at 486; 13 A.L.R. 346.

While the complaint for injunction was not artfully drawn, it was clearly sufficient to apprise the city of the plaintiffs' position. We are of the opinion the plaintiffs are entitled to an injunction. The decree of the circuit court of Cook County and the judgment of the Appellate Court of Illinois, First District, are reversed, and the cause remanded for further proceedings consistent with the views expressed herein.

*Reversed and remanded.*