CECIL S. LINSON, Adm'r of the Estate of John Adolph Linson, Deceased, Plaintiff-Appellant, v. ROBERT H. CROW et al., Defendants.—(RICHARD H. PERRY et al., Appellees.)

(No. 75-120; ▮▮▮▮▮▮▮▮▮▮)

Fifth District—October 17, 1975.

Richard L. Kline, of Woodcock & Hux, of Mt. Carmel, for appellant.

Robert M. Keenan, Jr., of Townsend, Townsend & Keenan, of Mt. Carmel, for appellees.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Cecil S. Linson, administrator of the estate of John Adolph Linson, appeals from an order entered in the Circuit Court of Wabash

County granting summary judgment in favor of defendants, Richard H. Perry and Bill Dill, in an action commenced under section 14 of article VI of the Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 135). The trial court entered an order pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1973, ch. 110A, par. 304) stating that no just reason existed for delaying an appeal; this appeal followed.

The action was brought against defendants-appellees as owners of the Jug Tavern in Mt. Carmel, Illinois, and other defendants, operators of the tavern, not involved in this appeal, for injury to means of support to plaintiff's decedent's widow and children alleging that decedent died from injuries received in a fight as a proximate result of his intoxication caused by alcoholic liquors sold to the deceased by the operators of the tavern.

One issue is before this court: Are defendants "owners" within the meaning of section 14 of article VI of the Liquor Control Act which subjects to liability "[a]ny person owning, renting, leasing, or permitting the occupation of any building or premises with knowledge that alcoholic liquors are to be sold therein  *   *   *"? Ill. Rev. Stat. 1973, ch. 43, par. 135.

Prior to the occurrence giving rise to this action, the defendants had sold the tavern under a real estate installment contract, often called a contract for deed, to the operators of the tavern, the other defendants to this action. At the same time, the defendants had deposited a warranty deed in escrow to be delivered to the buyers upon performance of the contract and had assigned all their rights under said contract for deed to the Security Trust & Savings Bank of Mt. Carmel as security for monies advanced and credit extended to the buyers.

Our decision would appear to be governed by the holding in *Wendt v. Myers*, 59 Ill.2d 246, 319 N.E.2d 777 (1974), reversing *Wendt v. Richter*, 17 Ill.App.3d 230, 307 N.E.2d 756 (1974). There the Supreme Court held that a contract seller of a tavern was not an "owner" or a person "permitting the occupation of" a tavern when, pursuant to a *bona fide* installment contract for sale, he did not retain any "significant incidents of ownership," retaining legal and equitable title for security purposes only until payment of the purchase price.

Plaintiff points to paragraph 7 of the contract here involved. It provides, "[t]he parties hereto agree that the said premises shall continue to be used for the operation of a restaurant and tavern business, and that any alterations, repairs, remodeling or decoration of the premises shall be in aid of such purpose." Plaintiff argues that this agreement not only "permits" the premises to be used for the sale of intoxicating liquor,

but requires that they be so used and that, therefore, the defendants are the owners of legal title to the premises and have, in the language of the statute, permitted the occupation of the premises "having knowledge that alcoholic liquors are to be sold therein." Defendants argue in response that this provision is intended to provide additional security by requiring the retention of an ongoing business on the premises.

We believe, however, that plaintiff reads *Wendt v. Myers* too narrowly. The court stated that for liability to be imposed as an "owner" or one "permitting" premises to be used for the sale of intoxicating liquor, the Act requires a "meaningful degree of control over the premises, or other factors indicating involvement in the business of selling intoxicating liquors before liability under the Act can attach." 59 Ill.2d 246, 252, 319 N.E.2d 777, 780.

Here the defendants parted with all control by assigning all their interest in the contract to a bank as security for monies advanced and loans extended to the buyers. They had no power to enforce any covenant or agreement contained in the contract, and while the contract for deed recites that the sellers, defendants herein, may declare the contract terminated for a violation or failure to perform any covenant contained therein, paragraph 7 does not recite that it is such a covenant, unlike the other provisions of the contract. In any event, the defendants had assigned all the rights and interests in the contract and had no right or ability to enforce any of the covenants.

It is true that unlike *Wendt*, defendants here did attempt to control the use to which the premises would be put and the business to be conducted thereon. The defendants, however, were not involved in the "use, daily control or supervision of the property." We believe the gravamen of the holding in *Wendt* is contained in the statement, "* * * we do not believe that it would further the purposes of the Liquor Control Act to subject a contract seller to liability under section 14 of article VI when pursuant to a *bona fide* installment contract for sale he has for all practical purposes relinquished all dominion, control and enjoyment of the premises and has retained only very limited incidents of ownership for security purposes * * *." 59 Ill.2d 246, 253, 319 N.E.2d 777, 781.

For the foregoing reasons, the judgment of the Circuit Court of Wabash County is affirmed.

Affirmed.

JONES, P. J., and CARTER, J., concur.