LUIS MARCON *et al.*, Plaintiffs-Appellants, *v.* FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant-Appellee.—(FRANK SCHNEIDER *et al.*, Defendants.)

First District (3rd Division)    No. 76-221

Opinion filed March 29, 1978.

Ruttenberg & Ruttenberg, of Chicago (Stuart H. Wolf, of counsel), for appellants.

Richard F. Mack, of Chicago (Anthony R. Mulcrone, of counsel), for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

On December 4, 1971, a three-unit residential building owned by the plaintiffs, Luis and Irene Marcon, was damaged by fire. The fire originated on adjacent property and spread to their building. The Marcons filed a suit, seeking a recovery for the damage to their building, against the mortgagors of the adjacent property, Frank Schneider, Bertha Schneider, Frank C. Schneider and Marlene Schneider, the mortgagee of that property, First Federal Savings and Loan Association (First Federal) and the City of Chicago. A motion for summary judgment by First Federal was allowed. The Marcons appeal both the grant of the judgment and the denial of their motion to vacate it. The City of Chicago and the Schneiders are not parties to this appeal.

On March 1, 1965, the Schneiders executed a mortgage, a note and an assignment of rents in favor of Supreme Savings and Loan Association (Supreme). By their terms, both the mortgage and the assignment gave Supreme, as mortgagee, the right to possess and control the mortgaged property upon default. On April 8, 1971, after a default by the Schneiders, Supreme filed a foreclosure action. Also in April 1971, but subsequent to the filing of the foreclosure, First Federal acquired Supreme and all of its liabilities and assets, including the mortgage to the Schneider property. The court, in the foreclosure, appointed a receiver for the property; on December 3, 1971, the receiver was discharged and the action dismissed upon First Federal's motion. The court ordered First Federal to pay all costs, including the receiver's fee and any utility and tax bills which accrued during the pendency of the foreclosure. At no time during the foreclosure did the court issue an order placing either Supreme or First Federal in possession of the property. On December 4, 1971, the fire occurred.

The Marcons alleged in their complaint that First Federal's negligence in failing to maintain the property caused the damage to their building. First Federal denied, as a matter of law, the responsibility for the maintenance of the mortgaged property and made a motion for summary judgment. The motion was supported by the affidavit of Frederic Meeks, an attorney for First Federal. Meeks, in his affidavit, stated that he had full knowledge of First Federal's actions in regard to the mortgaged property. First Federal did not at anytime Meeks declared, possess, operate, maintain, use, repair or control the mortgaged property; no bills, other

than the court ordered payments, were paid. In a later discovery deposition, Meeks did admit that it was Supreme's attorney, not he, who represented the mortgagee through most of the foreclosure action. He also admitted that, during the pendency of the foreclosure, he did not know the names of anyone representing First Federal who might have ordered repairs or actually repaired the property. No counteraffidavits were filed by the Marcons. No evidence was presented which would indicate that First Federal made repairs on the property. The trial court, based on the pleadings and Meek's affidavit and deposition, entered the summary judgment from which the Marcons now appeal.

Section 57 of the Civil Practice Act provides for the entry of a summary judgment when there is no genuine issue as to any material fact and, as a matter of law, the moving party is entitled to it. (Ill. Rev. Stat. 1975, ch. 110, par. 57.) The Marcons contend that this summary judgment was improvidently entered on both legal and factual grounds. First, they argue, that First Federal, as mortgagee successor to Supreme, upon default of the Schneiders, became entitled to possession and control of the mortgaged premises. This, they assert, obligated First Federal to maintain the property in a safe condition. They trace this possession from the mortgage document, the assignment of rents, the foreclosure proceeding and the appointment of the receiver. Second, the Marcons claim that even if liability depends upon actual physical possession and control by the mortgagee beyond the right of possession, the summary judgment is unwarranted because questions of fact exist, resolution of which may show First Federal's actual possession and control of the property. They note discrepancies between the affidavit in support of the summary judgment and the affiant's subsequent deposition.

■■ We find, as a matter of law, that only a mortgagee exercising dominion and control over the mortgaged property can be held responsible for damages to third parties caused by unsafe conditions on the property. Constructive possession, as in this instance, is insufficient; there must be actual possession and control of the premises. (*Anderson v. Cosmopolitan National Bank* (1973), 54 Ill. 2d 504, 301 N.E.2d 296; *Mulcahy v. Weber* (1917), 98 Misc. 266, 162 N.Y.S. 985; *Zisman v. City of Duquesne* (1941), 143 Pa. Super. 263, 18 A.2d 95; *Scott v. Hoboken Bank* (1941), 126 N.J.L. 294, 19 A.2d 327.) The Illinois Supreme Court relied on this rule in *Anderson v. Cosmopolitan National Bank*, by refusing to impose liability for injuries sustained as a result of unsafe property conditions upon the "contract" seller of the property. In that case, the plaintiffs contended that the contract seller was liable for the injuries sustained because he had retained significant rights of possession and control of the property. The contract gave him the right to enter and repair the property, the right to insure it and, upon default, the right to

possess it. The court rejected the notion that these tentative, unexercised rights could operate to make the seller responsible, noting that "[s]ubstantially similar arguments can be advanced with respect to mortgagees, who have the same or substantially similar rights." *Anderson*, 54 Ill. 2d 504, 509, 301 N.E.2d 296, 299.

In Illinois, the mortgagee is responsible for maintenance of the mortgaged property only after there has been an exercise of the rights which can be characterized as actual possession. (See *Cocanig v. City of Chicago* (1961), 21 Ill. 2d 464, 467, 173 N.E.2d 482, 484; R. Kratovil, Mortgages—Problems in Possession, Rents, and Mortgagee Liability, 11 DePaul L. Rev. 1, 23 (1961).) In the present case, the rights to the mortgaged property derived from the various documents and proceedings do not invest First Federal with such possession and management responsibility. Although the terms of the mortgage give a mortgagee the right to take possession of the mortgaged property (*Bliesener v. Baird & Warner, Inc.* (1967), 88 Ill. App. 2d 383, 232 N.E.2d 13), the right does not achieve fruition until the mortgagee acquires actual possession and control. (See *Stevens v. Blue* (1943), 320 Ill. App. 375, 51 N.E.2d 603; *Bank of America National Trust & Savings Association v. Bank of Amador County* (1933), 135 Cal. App. 714, 28 P.2d 86.) Further, the law does not compel a mortgagee to exercise that right. A court's power to place a mortgagee in possession is dependent upon a motion by the mortgagee (see Ill. Rev. Stat. 1975, ch. 95, par. 22b.53; F. C. Bernard, Legal Aspects of 1961 Mortgage and Redemption Law Legislation in Illinois, 43 Chi. Bar Rec. 229, 234 (1962)); after a default and until such possession, a mortgagee may discard the mortgage entirely. (*Mortgage Syndicate, Inc. v. Do & Go Equipment, Inc.* (1972), 7 Ill. App. 3d 106, 286 N.E.2d 520.) Similarly, language in the assignment of rents, giving "automatic" right to income and possession after default, is not an indicia of control. For this power to be effective it must be first invoked by the mortgagee. (*Stevens v. Blue*; R. R. Powell, 3 The Law of Real Property par. 454 (1977).) First Federal took no action on the assignment.

Finally, neither the foreclosure action nor the appointment of a receiver by the court affects the status of the mortgagee. The filing of the foreclosure is not the type of volitional act which could be characterized as an attempt to exercise control (see *Mulcahy v. Weber*); a receiver is an agent of the court, not the mortgagee. *Bleck v. Cosgrove* (1961), 32 Ill. App. 2d 267, 177 N.E.2d 647.

Our review of the record does not disclose any substantial factual inconsistencies which would prevent the entry of summary judgment. In order to warrant the denial of a summary judgment, disputed factual issues must be material to the essential elements of the cause of action or defense. (*Schultz v. American National Bank & Trust Co.* (1976), 40 Ill.

App. 3d 800, 805, 352 N.E.2d 310, 315.) Here the only factual issue in dispute is whether First Federal was in actual possession and control of the mortgaged property at the time of the fire. The instances the Marcons designate as controverted are not the type of factual discrepancies that need be considered.

The Marcons point to variances between the statements in the affidavit in support of the summary judgment motion by the First Federal attorney and his later deposition. His affidavit states First Federal undertook no acts of supervision or maintenance on the property but his deposition testimony indicates a less than absolute knowledge concerning such events. At the deposition he said he did not know who, if anyone, ordered repairs on the building; that admission alone does not negate First Federal's denial of control. While this might appear to leave open the possibility that some repairs to the property were attempted by First Federal, the Marcons do not claim that First Federal is concealing any conduct which would demonstrate this sort of control of the building or that First Federal's involvement with the property was more than already alleged. First Federal states it made no repairs and that statement remains uncontradicted. The record gives no indication, nor do the Marcons argue, that they were frustrated in their discovery efforts to uncover evidence of First Federal's repairs of the building or any further acts of control. The Marcons' assertions amount more to speculation than to factual disagreement. Construing the affidavit and pleadings most strictly against First Federal, as we must (*Lumbermens Mutual Casualty Co. v. Poths* (1968), 104 Ill. App. 2d 80, 243, N.E.2d 40), we find no genuine issue as to any material fact that exists in this matter.

■■ The Marcons' brief also urges a theory of liability based upon a city ordinance which purports to find mortgagees, such as First Federal, responsible for violations of the city's building code. Theories and issues not presented or considered by the trial court cannot be raised on review. (*Kravis v. Smith Marine, Inc.* (1975), 60 Ill. 2d 141, 324 N.E.2d 417.) Since the Marcons did not argue or brief this issue in the trial court, we cannot review it here. We, therefore, affirm the summary judgment issued by the circuit court of Cook County.

Affirmed.

McNAMARA and SIMON, JJ., concur.