CANDACE L. CANTRELL, Plaintiff-Appellant, v. DuQUOIN STATE BANK, Defendant-Appellee (Arlene Wendling *et al.*, Defendants).

Fifth District    No. 5—94—0263

Opinion filed March 24, 1995.

Bruce D. Irish, of Sam C. Mitchell & Associates, of West Frankfort, for appellant.

James W. Campanella, of DuQuoin, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

Candace Cantrell was injured in an automobile accident by an intoxicated driver and filed a personal injury action against Arlene and Wayne Wendling as the licensees and owners of a dramshop. She also named the DuQuoin State Bank (the Bank), mortgagee of the Wendlings' dramshop, as a party defendant pursuant to section 6—21 of the Liquor Control Act of 1934 (235 ILCS 5/6—21 (West 1992)). On the first appeal of this case, this court reversed the trial court's order allowing the Bank's section 2—615 (735 ILCS 5/2—615 (West 1992)) motion to dismiss. (*Cantrell v. Wendling* (1993), 249 Ill. App. 3d 1093, 620 N.E.2d 9.) On remand the Bank filed a motion for summary judgment arguing that it was not, within the meaning of the Liquor Control Act, an owner of the dramshop premises nor was it a permitter of the occupation of the premises. The trial court granted the Bank's motion for summary judgment. Plaintiff appeals and we affirm.

Section 6—21 of the Liquor Control Act provides in pertinent part:

"Every person who is injured within this State, in person or property, by any intoxicated person has a right of action in his or her own name, severally or jointly, against any person, licensed under the laws of this State or of any other state to sell alcoholic liquor, who, by selling or giving alcoholic liquor, within or without the territorial limits of this State, causes the intoxication of such person. *** *Any person owning,* renting, leasing *or permitting the occupation of any building or premises with knowledge that alcoholic liquors are to be sold therein,* or who having leased the same for other purposes, shall knowingly permit therein the sale of any alcoholic liquors that have caused the intoxication of any person, shall be liable, severally or jointly, with the person selling or giving the liquors." (Emphasis added.) (235 ILCS 5/6—21(a) (West 1992).)

The trial court ruled:

"The facts, which are undisputed, are that the Bank held a mortgage on a Dram Shop, known as The Chalet. The mortgagors were in default on the mortgage. The mortgage, and note, provided that the Bank, as mortgagee, could, as a result of the default, exercise its rights under the mortgage and take possession of the property. The Bank did *not* exercise its rights under the mortgage

and note, and did not take possession of the property, nor did it take any other action as a result of the default.

Plaintiff's position is that the fact that there was a default, which gave the Bank the option, or right, to declare such and to take possession, even though the Bank chose not to exercise its rights and took no action as a result of the default, makes the Bank an 'owner...or one permitting the occupation of any building or premises...' and thus liable under the Dram Shop Act.

\* \* \*

Based upon the above cases, and reasoning, this Court finds that the Motion for Summary Judgment, filed herein by the defendant, DuQuoin State Bank, should be, and is hereby, granted."

The trial court relied upon the reasoning of *Marcon v. First Federal Savings & Loan Association* (1978), 58 Ill. App. 3d 811, 374 N.E.2d 1028, in reaching its decision. In *Marcon*, property owners filed suit against the mortgagors of adjacent property and the mortgagee of that property, seeking recovery for damage to their building caused by fire which originated on the adjacent property. The trial court granted the mortgagee's motion for summary judgment, and the appellate court affirmed, holding that the mortgagee could not be held liable for damages to the adjacent property because it did not have actual possession and control of property. (*Marcon*, 58 Ill. App. 3d at 813, 374 N.E.2d at 1030.) The court in *Marcon* held, as a matter of law, that only a mortgagee exercising dominion and control over the property could be held responsible for damages to third parties caused by the unsafe conditions on the property, and the court further held that constructive possession was insufficient and that there must be actual possession and control to impose such liability. Finally, the court in *Marcon* determined that the unexercised rights of the defendant were insufficient to impose liability on it and that, while the terms of the mortgage may give the mortgagee the right upon default to take possession of the property, the right does not reach fruition until the mortgagee acquires actual possession and control.

Plaintiff contends that *Marcon's* holding is quite distinct from the issue at bar. Plaintiff argues that the trial court in this case erred in finding that the Bank holding the defaulted mortgage and note on the Wendlings' dramshop was not an owner of the premises within the meaning of the Act. Plaintiff argues that upon the Wendlings' breach of their promise to pay the note, the Bank was entitled under the note or the mortgage to control and enjoy the benefits of the property. The Bank was further entitled to take possession and defend its right thereto against the mortgagor or anyone else.

Plaintiff contends that the Bank is an owner under the Act because upon the Wendlings' default the Bank's lien on the premises ripened into a right to possession with color of title.

■ In the instant case, the trial court acknowledged that *Marcon* did not involve a dramshop or the Liquor Control Act, but it found the reasoning in *Marcon* applicable to this case: The law does not compel a mortgagee to exercise its rights, and a mortgagee, after default, may disregard the mortgage completely. As noted by the trial court, in this case the Bank took no action to enforce its rights under the mortgage, and as the record shows, the Bank did not even take constructive possession of the real estate.

In *Wendt v. Myers*, also relied on by the trial court, the supreme court held that the Liquor Control Act requires a meaningful degree of control over the premises, or other factors indicating involvement in the business of selling intoxicating liquors, before liability under the Act can attach. (*Wendt v. Myers* (1974), 59 Ill. 2d 246, 252, 319 N.E.2d 777, 780; see also *Linson v. Crow* (1975), 33 Ill. App. 3d 377, 342 N.E.2d 350; *Andersen v. Wirt* (1974), 22 Ill. App. 3d 983, 317 N.E.2d 600.) In *Wendt* the plaintiff alleged that the defendant, Richter, was liable in a dramshop action because Richter was a seller under a contract for deed of premises used by the purchaser as a dramshop. There was no allegation that the contract purchaser was in default, and the court held that Richter, the contract-for-deed seller, did not retain the requisite degree of control of the premises for dramshop liability to attach.

Like the trial court, we too find the reasoning of *Marcon* and *Wendt* applicable to the instant case. Here there is nothing in the record establishing any attempt by the Bank to control the use to which the premises would be put or what business could be conducted on the property. Moreover, there is nothing to suggest that the Bank was involved in the use, daily control, or supervision of the property. The Liquor Control Act, section 1—2, provides:

> "This Act shall be liberally construed, to the end that the health, safety and welfare of the People of the State of Illinois shall be protected and temperance in the consumption of alcoholic liquors shall be fostered and promoted by sound and careful control and regulation of the manufacture, sale and distribution of alcoholic liquors." (235 ILCS 5/1—2 (West 1992).)

We do not find that the purposes of the Liquor Control Act would be furthered by imposing liability on the defendant as an *owner* under the present circumstances.

Notwithstanding the holding that the Bank is not an owner for purposes of the Liquor Control Act, plaintiff argues that the trial

court erred in concluding that the Bank holding a defaulted mortgage and note on the dramshop was not *permitting* the occupation of the premises within the meaning of the Liquor Control Act. Plaintiff contends that it is not asking the court to broaden the Liquor Control Act but is merely requesting this court to apply the clear language of the Act in finding that the Bank permitted the occupation of the premises within the meaning of the Act.

According to the record, documents executed between the Bank and the Wendlings, including a promisory note and the mortgage, reveal that the Wendlings were free to do whatever they pleased with their property as long as it was within the confines of the law. Because the Bank did not prohibit the Wendlings from selling intoxicating liquors, it is obvious that the Bank, as mortgagee and holder of the note, permitted or allowed the Wendlings to do as they pleased with the premises, including operate a dramshop. While a *prima facie* finding of liability against the Bank can be shown for *permitting* the sale of alcoholic liquors, we find the reasoning of *Wendt v. Myers* applicable here to preclude a finding of liability.

■ In *Wendt* the court held that a meaningful degree of control over the premises, or other factors indicating involvement in the business of selling intoxicating liquors, is necessary before liability under the Act can attach. (*Wendt*, 59 Ill. 2d at 252, 319 N.E.2d at 780.) As stated in *Wendt*, the contract seller cannot be deemed to have furnished the premises or voluntarily devoted her property to certain purposes so as to be considered as having become an actual participant in the business of operating a tavern. (*Wendt*, 59 Ill. 2d at 252, 319 N.E.2d at 781.) In the instant case, although the Bank as lender has some control over to whom and for what purposes it may lend money, the very nature of a mortgagor-mortgagee relationship is such that the mortgagee cannot be said to have *permitted* the use of the premises as the legislature contemplated in drafting section 6—21 of the Liquor Control Act.

A mortgage is an interest in land created by written instrument providing security for performance of a duty or payment of a debt. (*Resolution Trust Corp. v. Holtzman* (1993), 248 Ill. App. 3d 105, 111, 618 N.E.2d 418, 423.) Absent more than a simple mortgage agreement and note, we do not believe that the purposes of the Liquor Control Act would be furthered if we were to subject the lender-mortgagee to liability where the lender-mortgagee has for all practical purposes relinquished all dominion, control, and enjoyment of the premises and has retained only very limited incidents of ownership for security purposes, as here.

Accordingly, we affirm the decision of the trial court.

Affirmed.

MAAG, P.J., and WELCH, J., concur.